HERPEL v. HERPEL.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.
   On appeal from a decree in chancery no modification will be made in favor of a party who does not appeal.

2. STATUTE OF FRAUDS—LIFE ESTATE—CONTRACTS.
   As between a grantor who has reserved a life estate in real property, and the remainderman, an oral agreement evidenced by no writing modifying the terms of the original conveyance, by providing for possession by the remainderman and for the support of the tenant for life is invalid.

3. LIFE ESTATE—REMAINDER—LANDLORD AND TENANT—IMPROVEMENTS.
   Permanent improvements made by a remainderman of his own accord, who assumes possession and cultivates the property for the life tenant, are presumed to be made for his own benefit.

4. SAME—VENDOR AND PURCHASER—REMEDIES—WAIVER.
   Where premises were conveyed subject to a life lease, and possession reserved in the grantor, failure to institute ejectment proceedings to dispossess the remainderman, who assumes to take possession of the premises, does not operate as a waiver of the stipulated installments constituting the agreed purchase price.

5. SAME—RENTAL—EVIDENCE.
   A decree for rent due from the remainderman in possession to the life tenant, is improper, where the evidence is insufficient to determine the rental value of the premises.

Appeal from Saginaw; Gage, J. Submitted June 9, 1910. (Docket No. 33.) Decided September 27, 1910.

Bill by Ernst Herpel against John C. Herpel to set aside a deed. From a decree for complainant, defendant appeals. Modified and affirmed.

*George B. Brooks* (*James H. Davitt*, of counsel), for complainant.

*Eugene Wilber* and *Fred L. Eaton*, for defendant.

McALVAY, J. Complainant and his wife were the owners of a farm of 250 acres in Saginaw county; the title of 75 acres of which was in the husband and wife jointly and the balance in the wife. This land was conveyed by them jointly to defendant December 24, 1904, subject to a certain incumbrance of $200. As part of the same transaction, and in consideration of such conveyance, defendant at the same time made, executed, and delivered to complainant the following written agreements:

"SAGINAW, MICH., Dec. 24, 1904.
"I hereby agree to pay the taxes on the Herpel farm, to pay $25.00 per month to Ernest Herpel and Katherina M. Herpel as long as they both or either of them do live, in consideration of their deeding to me free of all incumbrance, except mortgage now on file, their farm known as the Herpel Farm, and on which they now live.
[Signed]     "JOHN C. HERPEL."

"SAGINAW, MICH., Dec. 23, 1904.
"In consideration of one dollar to me in hand paid and other valuable consideration, I hereby agree to lease and rent to Ernest Herpel and Katherina M. Herpel, his wife, the following described farm being situated in the township of Taymouth, county of Saginaw and State of Michigan, and described as follows:  Lots 2 and 3 except the north 15 acres thereof, and all of lots 4, 5, 9 and 10 in section 7, town 10 N., Range 5 East, they, the said Ernest Herpel and Katherina M. Herpel his wife, to have and to hold peaceable possession of the same and to have the entire use of the entire premises above described, including all of the buildings and appurtenances thereunto belonging as long as they both or either do live.
"In witness whereof, I have hereunto set my hand and seal this 23rd day of December, 1904."

Complainant and his wife were old people, of the age of about 80 years, at the time of this transaction, and it is charged in the bill of complaint filed asking that the conveyance be set aside that it was procured by fraud and undue influence, that the grantors did not understand that they were making conveyance of their property, and that

the wife at the time was mentally incompetent to transact business, and weak from long sickness caused by an incurable malady. Complainant also charged that defendant was financially irresponsible. The bill contained a prayer for general relief. The value of this land conveyed to defendant was about $6,000.

Defendant was not related to complainant and his wife. They had no children. Defendant at the age of two years was left with them by his father in 1857, and was brought up by them as a member of the family, until he was married in 1879, and went to live upon 69 acres of land complainant's wife had given him. He lived on this farm about a year, and then came back and was furnished a house to live in on the farm of complainant and his wife. In 1882 he sold the land which had been given him and moved to South Dakota, where he engaged in the implement business. He afterwards went through bankruptcy, and had nothing left over and above exemptions. The date of bankruptcy is not fixed by defendant, who thinks it was 1899. After the papers above set forth were given, defendant returned to South Dakota, leaving complainant and his wife in possession of the farm, and the record shows that he made payments as agreed. He came back on account of the illness of complainant's wife shortly before her death, which occurred January 8, 1906. During that visit, he claims that he made a verbal agreement with complainant, at his request, to come back and take the farm and certain personal property, and take care of complainant and give him a home for the rest of his life. Defendant did return in March, 1906, and claims he did this at great financial loss, and that under this verbal agreement he has since operated the farm and cared for the complainant. Complainant denied that any subsequent agreement was ever made, claiming that defendant returned and took charge of the farm without authority, and assumed to make repairs and improvements without consulting him; that on account of harsh and violent treatment complainant left the farm in September, 1908,

and went to live with a relative of his deceased wife, and remained away until June, 1909, when defendant brought him back about two weeks before this case was heard. After defendant took charge of the farm in April, 1906, no monthly payments were made by him to complainant. In November, 1907, defendant, alleging that he was interested as a son, petitioned for, and secured the appointment of, a special guardian of complainant's estate on the ground of mental incompetency; the petition stating that there was no real estate, and $433 personal estate, and that an application for a general guardian was then pending.

Upon the hearing in this case a decree was granted complainant, determining that he held a life estate in said lands, and also that there was due him $717.53 unpaid payments under his written agreement from the time defendant took possession under the claimed verbal agreement; and it was also decreed that defendant pay $25 monthly during complainant's lifetime, and that defendant pay to complainant $150 as rental of the farm from September, 1908, to June, 1909, and $100 per year thereafter as long as he remained in possession, and also that these and all amounts due and to become due from defendant were declared a lien upon the land. Defendant has appealed. The complainant has not appealed.

From an examination of this record we are satisfied that the court below in the main determined the case correctly. There is no dispute but that the conveyance and written agreements were entered into as alleged. Complainant has not appealed from a decree establishing and affirming such conveyance, and it will therefore not be modified or changed in his favor. *Proctor* v. *Robinson,* 35 Mich. 284, and notes. As between these parties, a life estate was reserved by complainant and his wife, and the survivor of them, by the terms of the written agreements. The later verbal agreement claimed by defendant is not satisfactorily established by his testimony, and, if established under the circumstances of this case, would be in-

162 MICH.—39.

valid, and would not operate to divest the complainant of his interest in these lands, because not in writing.

Defendant upon this appeal makes but two objections to this decree. The principal objection is that the court should not have charged him with the aggregate amount of the payments due under his written agreement after he took charge of the farm. This claim is founded upon his claimed verbal agreement, and that he has made permanent improvements upon the farm and taken care of complainant. We have already disposed of the verbal agreement, and it requires no further consideration. Since he assumed charge of this farm, defendant has had all the benefit of all the income therefrom without accounting to complainant. The complainant under his life lease was entitled to the full and absolute possession of the premises, and to the monthly payments of the consideration for the conveyance agreed to be made by defendant. The fact that during that time no proceedings were instituted to eject defendant is no waiver of the complainant's right to the payments. Complainant did not make, and on account of his weakened mental and physical condition as shown by defendant could not have made, any binding agreement waiving these payments. During nine or ten months of the period complainant did not reside with defendant and was not supported by him. The record shows that he has paid no more money to complainant on this agreement since April, 1906, than was credited to him by the court in its decree. He has expended money in permanent improvements. As the remainderman, subject to the life estate of complainant, such improvements having been made of his own accord, will be presumed to have been made for his own benefit. All the money paid by defendant since the conveyance to him is but a small part of the value of the premises. The court was justified from the record in finding the amount stated in the decree as a balance on account of the agreed monthly payments.

The other objection is to that part of the decree requiring defendant to pay a rental of the farm of $150 from

September, 1908, to June, 1909, and afterwards at the rate of $100 per year. It is claimed that this is not supported by the evidence, nor warranted under the bill of complaint. While we are satisfied that under the general prayer for relief the court might dispose of all matters between these parties arising out of the relations between them in their dealings with this property, yet, we do not think that, from the evidence in this record, the court could say what would be a reasonable amount per annum which complainant should receive as the value for the use and occupation of these premises, and therefore in that respect the decree should be modified. The court correctly decided that, under the written agreement between the parties, the complainant held a life estate in the premises with full right to possession. He had been deprived of that possession by defendant, and under the rule adopted by this court, where a court in chancery has jurisdiction of the parties and of the subject-matter, complete relief will be granted, and all questions arising out of the controversy will be disposed of, this matter should be passed upon in this case. The court will therefore remand the cause to the circuit court for the sole purpose of taking proofs as to the value of the use and occupation of the premises during the time actually occupied by defendant, the court to find said amount from said proofs and charge the same against defendant to be added to the amount already found due complainant. In other respects the decree of the circuit court is affirmed, with costs of both courts in favor of complainant.

BIRD, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.