Campbell, J.:
Shaw recovered judgment for the value of certain logs furnished to Jenness. The ease tended to show that Jenness made a bargain verbally with one Phelps for the purchase of *20 the logs to be cut from two parcels of Shaw’s land, and delivered one parcel in the winter of 1866-7, and the rest the next winter. The price was to be seven dollars a thousand, of which two dollars and fifty cents per thousand was to be paid when the logs were put afloat, and the remainder subsequently. It was claimed, and the jury must have found, that Jenness did not pay what he agreed. The declaration was on the common counts, and the recovery was for the contract price.
The errors alleged relate entirely to the charges of the court. Three of these related to the right of Shaw, as an ^undisclosed principal, to sue on his agent’s agreement. The court, on defendant’s request, charged that Shaw could not recover if he had sold the logs to Phelps before the Phelps’ sale to Jenness. This question being out of the way, and Shaw being the only person entitled, there can be no doubt of his right to sue upon a sale made by his agent, whether known to be such or not. The principle is well settled and elementary. It is, however, very questionable whether any such question really arises, inasmuch as upon the finding of the jury, coupled with the proof on both sides, it seems Jenness could not have been ignorant of the ownership. But in either case there was no error.
The remaining questions, put in different forms,- rest upon the assumption that the contract was an entirety and could not be sued upon until either fully performed by Shaw or rescinded by Jenness or by mutual consent.
The evidence of the contract was all parol, and not harmonious. It was for the jury, therefore, to determine what it was. The plaintiff claimed that certain payments to be made by Jenness were conditions precedent, and that failure to make them authorized Shaw to refuse any further performance. The court told the jury that Shaw’s right to do so depended on whether such payment was a condition precedent. The jury must have found that it was, and if so, Jenness, by failure to pay as agreed, necessarily lost all right to require the further fulfillment of the contract, and it needed no rescission by him.
The charge was as favorable as he could have asked. Plain. *21 tiff below had, therefore, a right to sue for the contract price of logs furnished, if he did not care to prosecute for any other breach.
The judgment was correct, and must be affirmed, with costs.
The other justices concurred.