STEWART v. BOARD OF TRUSTEES OF PARK COLLEGE et al.*

(Circuit Court of Appeals, Eighth Circuit. October 14, 1907.)

No. 2,490.

JUDGMENT—CONCLUSIVENESS OF ADJUDICATION—MATTERS CONCLUDED.

A final decree of a state court in a suit brought for the cancellation of a mortgage and foreclosure deed on condition of paying the mortgage debt with interest and costs, even though on demurrer, is a bar to a subsequent suit in a federal court for the same purpose against the same defendants or their privies; the grounds relied upon in the pleading being the same in both actions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 987–993, 1513.

Conclusiveness as between federal and state courts, see notes to Kansas City Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

Appeal from the Circuit Court of the United States for the District of Kansas.

C. H. Nearing (Amos Townsend, on the brief), for appellant.

H. L. Alden, for appellee Cemetery Association.

Robert E. Morris (J. E. McFadden, on the brief), for appellee Board of Trustees of Park College.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was a suit to remove a cloud from Stewart's title to land in Wyandotte county, Kan., claimed to have been caused by a sale under a decree of foreclosure of a mortgage which he had executed to secure a loan made to him by the defendant college.

The college was a corporation of Missouri organized for educational purposes. Having money for investment, it loaned $20,000 to Stewart, and took as security for the payment of a note representing the loan the mortgage in question. Stewart failed to pay the note at its maturity and suit was instituted by the college in the district court of Wyandotte county, Kan., to foreclose the mortgage. Stewart duly appeared to the action and filed his answer, consisting of a general denial and plea of payment. In due course, October, 1900, a decree of foreclosure followed, the land was duly advertised and sold, and the college became the purchaser. In June, 1902, after the expiration of the time within which the mortgagor might redeem under the Kansas statutes, a deed was duly executed conveying the land to the college. In August, 1902, Stewart instituted suit in the same court against the defendant college. In his petition he set up the facts just recited, and further alleged that defendant was a foreign corporation organized as an educational institution under the laws of Missouri, and as such had no power to loan money in Kansas or take real estate mortgage as security for its payment; that it had not complied with certain statutory provisions to entitle it to do business in Kansas; and that it misled and deceived him, and thereby prevented him from exercising his statutory right to redeem the land from the foreclosure sale within the time permitted by law.

*Rehearing denied December 28, 1907.

His prayer was that defendant be required to reconvey the land to him upon his paying the principal and interest of the original loan and the costs and taxes paid by it. He also prayed for general relief. The defendant duly appeared and filed demurrer to the bill for want of equity. The demurrer was sustained and final decree rendered in its favor. From that judgment an appeal was duly prosecuted to the Supreme Court of Kansas, where, in February, 1904, the decree was in all things affirmed. Upon the coming down of the mandate of affirmance Stewart filed a motion for leave to file an amended petition. This was denied, defendant's motion for judgment in accordance with the mandate was sustained, and judgment was accordingly entered. From this order denying him the right to file the amended petition Stewart again appealed to the Supreme Court, where in May, 1905, the action of the district court was again affirmed.

The bill in the present suit instituted in January, 1906, discloses the facts recited in the former suits, and charges misconduct on the part of the board of trustees of the college which misled Stewart to his injury in the matter of redeeming from the foreclosure sale, want of corporate power in the college to acquire or hold property, and failure on the part of the college to comply with the laws of Kansas enabling it to do business in that state. The prayer was that, upon repayment by Stewart of the amount of the original loan with interest and costs, the cloud consisting of the mortgage and foreclosure deed be removed, and that defendants be declared to have no estate or interest in the lands mortgaged. He also again prayed for general relief. To this bill the defendants filed answers, denying all charges of improper or misleading conduct on the part of the board of trustees, affirming the authority and power of the college to make loans, to take a mortgage, and purchase the land in question, and particularly pleaded the decrees in the foreclosure suit and the suit to redeem as estoppels by judgment upon complainant's right of present action. The court below, after a finding of facts by a special master substantially as just stated, entered a decree dismissing the bill. The former decrees were held to be conclusive estoppels and to bar the complainant's right of recovery in this case.

Without stopping to consider the effect of the judgment in the foreclosure case which is claimed by counsel for the college to constitute a complete bar to the present action, we take up a consideration of the second case, the one instituted by Stewart to set aside the deed to the college. That suit was instituted by Stewart against the college and an intermediary, the agent of the syndicate to whom title was conveyed for the purpose of organizing the cemetery association, a defendant in this present case. That case was instituted in a court which had jurisdiction of the subject-matter of the action and of the parties to it. The parties were either the same or in privity with the parties to the present action. The object of the suit or claim sued on was the same as in the present one, namely, to secure a decree setting aside the mortgage and foreclosure deed on condition of paying to the college the amount of the original loan with interest and costs. The grounds of Stewart's alleged right were practically the same in both cases, namely, (1) want of power in

the college to make the original loan and take real estate security for payment; (2) failure by the college to comply with laws of Kansas enabling it to do business in that state; (3) misconduct of the college preventing Stewart from exercising his right to redeem within the statutory period. The judgment in the former suit is undoubtedly a bar to the present action. It was upon the same claim and between the same parties, and the decisive questions raised by the pleadings in this case were the same, and were necessarily decided in that, even though it went off on demurrer. Cromwell v. County of Sac, 94 U. S. 351, 352 (24 L. Ed. 195); Gordon v. Ware Nat. Bank, 65 C. C. A. 580, 132 Fed. 444, 449 (67 L. R. A. 550); Wiggins Ferry Co. v. O. & M. Ry., 142 U. S. 396, 12 Sup. Ct. 188, 35 L. Ed. 1055; Gould v. Evansville, etc., R. Co., 91 U. S. 526, 23 L. Ed. 416. Learned counsel for Stewart earnestly argue that as the mortgage constituted no lien because ultra vires, and as the college could not acquire any interest in the realty in question because of want of power, the former judgment establishing such a mortgage and title acquired under it was beyond the power of the court, and therefore works no estoppel in this case. This argument misinterprets the whole doctrine of res adjudicata. That doctrine rests upon the wisdom and public policy of putting an end to litigation. It jealously secures and guards the right of every person to a day in court—to an opportunity to have his claim adjudicated by a court of competent jurisdiction—but, when that opportunity has been once fully afforded, public policy demands that litigation on the same claim and between the same parties or their privies shall forever cease. The courts of Kansas had a full opportunity to hear and fully heard Stewart's contention that the college acquired no title by its mortgage and foreclosure proceedings and finally decided the question adversely to him. They were courts endowed with jurisdiction to hear and decide the very question submitted to them, and it is not for us or any other court not exercising appellate jurisdiction over them to re-examine between the same parties the question so finally determined.

In view of the clear showing made by the record that the present suit amounts to nothing else than an attempt to relitigate the questions once litigated between the same parties to a final conclusion in the courts of Kansas, we find no occasion to consider the many other interesting questions argued by counsel.

The Circuit Court correctly dismissed the bill, and its judgment is accordingly affirmed.