### SINGERS–BIGGER v. YOUNG.

#### (Circuit Court of Appeals, Eighth Circuit.   December 7, 1908.)

#### No. 2,876.

1. APPEAL AND ERROR (§ 852*)—APPELLATE PRACTICE.

Where both parties joined in the rehearing of a demurrer to the complaint on a motion for judgment on the pleadings after answer filed, and without objection treated the complaint, bill of particulars, and affirmative allegations of the answer as true, the same practice would be followed on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3402; Dec. Dig. § 852.*]

2. PLEADING (§§ 313, 327*)—BILL OF PARTICULARS—NATURE AND EFFECT.

A bill of particulars is not a pleading, and cannot help out one otherwise demurrable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. §§ 313, 327.*]

3. PLEADING (§ 317*)—BILL OF PARTICULARS—WHEN AUTHORIZED.

When a pleading sets out facts constituting a cause of action so that it is not obnoxious to a demurrer, but it is so general as to afford opportunity for surprise when the proof is taken, a bill of particulars may be resorted to to secure requisite certainty.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 954; Dec. Dig. § 317.*]

4. CORPORATIONS (§ 316*)—DIRECTORS—PRIVATE EMPLOYMENT BY STOCKHOLDER.

Where plaintiff, the half owner of the stock of a corporation, appointed defendant, a director, as her agent to look after her interests in the corporation, such special employment was necessarily subordinate to defendant's duty as a director.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1402; Dec. Dig. § 316.*]

5. CONTRACTS (§ 121*) — DUTY OF DIRECTOR — CONTRACT WITH STOCKHOLDER — VALIDITY.

Under Mills' Ann. St. Colo. § 481, confiding the business management of a corporation to its board of directors and requiring a majority of them to exercise any proposed act, a contract by which a stockholder employed a director to look after her interest in the corporation was against public policy and void in so far as it obligated the director to assist plaintiff to control the corporate action of the company, regardless of his duty as a director to represent and act for all the stockholders alike.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 504; Dec. Dig. § 121.*]

6. CORPORATIONS (§ 310*)—MISCONDUCT OF DIRECTOR.

Where a corporation had certain theatrical leases, the right to a renewal belonged to the corporation, and an injury resulting from a wrongful failure to secure that right by the malfeasance of directors was an injury to the corporation for which it was entitled to sue.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 310.*]

7. CORPORATIONS (§ 320*)—DIRECTORS—WRONGFUL ACTS—RIGHTS OF STOCKHOLDERS.

Where the directors of a corporation wrongfully failed to obtain for it renewals of certain theatrical leases, a stockholder could not recover against them damages sustained by not having the use of certain money which she ultimately received in dividends from the time the income from the theaters was wrongfully cut off by the misconduct of the directors un-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

til it was finally paid out of the proceeds of litigation to the stockholders, the right of action for the directors' malfeasance being in the corporation itself.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*

Personal liability of directors for negligence, see notes to Robinson v. Hall, 12 C. C. A. 680; Warner v. Penoyer, 33 C. C. A. 230.]

8. CORPORATIONS (§ 320*)—MISCONDUCT OF DIRECTORS—DAMAGES.

Where a stockholder sued on behalf of the corporation for misconduct of directors, moneys expended by her as costs, expenses, and solicitor's fees were elements of damage belonging to the corporation and not to the stockholder.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

9. JUDGMENT (§ 721*)—CONCLUSIVENESS—MATTERS CONCLUDED.

Where, in an action by a stockholder of a corporation against directors for misconduct, defendant was one of the parties sued against whom judgment was rendered, and the court ordered some of the costs paid and incurred by plaintiff to be taxed against the fund which she recovered for the benefit of the corporation, such judgment was conclusive against her right to recover against defendant the balance thereof in an action against him for alleged neglect of duty as plaintiff's agent to care for her interests in the corporation.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 721.*]

In Error to the Circuit Court of the United States for the District of Colorado.

The plaintiff in error sued the defendant for damages claimed to have resulted from his infidelity while acting as agent for her. She charged that she, being the owner of one-half of the capital stock of the Colorado Amusement Company, appointed the defendant as her agent to look after her interests in that corporation, and that he soon thereafter became a director thereof; that a part of the assets of the corporation consisted of two leasehold terms in theaters located in Denver, Colo., which, although about to expire, afforded, by reason of the facts and circumstances surrounding the parties, a just expectancy of renewal for further terms; that defendant, disregarding his duty, made no effort to secure the renewals, but fraudulently combined and co-operated with the other stockholders, who owned an equal share of stock with plaintiff and who were also directors of the corporation, to procure new leases of the theaters for a different corporation, called the Consolidated Amusement Company, in which plaintiff had no interest; that plaintiff, after an unavailing attempt to induce the officers of the amusement company to bring an action against the Consolidated Company and others, including the defendant Young, to secure the benefit of the renewed leases and an accounting for the profits earned, instituted an action as a stockholder for and on behalf of the amusement company to secure that relief; that such action resulted in a decree awarding the desired relief; that the litigation lasted several years, during which the net proceeds of the operation of the theaters were withheld from the amusement company, and, in the language of the petition, "the amusement company was wholly deprived of the possession of the said theaters, and the great gains and profits thereof were not received by the said amusement company, by reason whereof the plaintiff as a stockholder thereof did not receive her share in the form of dividends or otherwise, and plaintiff was deprived of the use and benefit of divers large sums of money which she would have received except for the fraud and negligence and dereliction of duty of the said F. C. Young; that plaintiff did not receive any of the sums of money which she otherwise would have received from time to time after the 5th day of April, 1901, when the first lease was secured in the name of the Consolidated Company until, to wit, the 2d day of May, 1907." The complaint then stated that plaintiff was compelled by reason of the same fraud and negligence to institute another action as a stockholder for the bene-

fit of the amusement company, whereby she incurred other and divers great expenses. Defendants secured an order of the court requiring the plaintiff to furnish a bill of particulars more definitely stating the damages sustained by her. Without specifying the details, it is sufficient to say that the bill of particulars specified plaintiff's damages to be as follows: (1) Interest on the amount of dividends which she would have received if the new leases had been secured immediately upon the expiration of the old ones, from the time when she would have received them until the time she did receive them out of the proceeds of the litigation instituted by her; (2) moneys expended by her as costs, expenses, and solicitor's fee in conducting the litigation, which had not been refunded to her, with interest thereon; (3) one-half of the amount of all the costs and expenses, including solicitor's fees allowed in her favor by the court and paid out of the proceeds of the litigation.

After an unsuccessful demurrer, the defendant answered the complaint, admitting many of its averments concerning the institution of the suit by the plaintiff for the benefit of the amusement company, and the rendition of the final decree in favor of that company. The answer then set forth in full the interlocutory decree in the former case determining the rights of the parties and referring the cause to a master to take an accounting, the order confirming the master's report, and the final decree awarding recovery in favor of the amusement company from the different defendants in the case, allowing to the plaintiff divers sums of money expended by her for costs, expenses, and solicitor's fee paid by her, and ordering the same to be paid out of the fund recovered. For information concerning particulars, reference is made to McCourt v. Singers-Bigger, 145 Fed. 103, 76 C. C. A. 73, where the facts of the case appear. Defendant denied all the other allegations of the complaint.

Defendant afterwards moved for a judgment in his favor on the complaint, bill of particulars, and answer. This motion was argued by counsel for both sides, submitted to the court without objection, sustained and final judgment was entered in favor of the defendant. Plaintiff prosecutes error.

T. J. O'Donnell (J. W. Graham and R. T. McNeal, on the brief), for plaintiff in error.

J. A. Bentley, for defendant in error.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge (after stating the facts as above). Some criticism is made of the practice of rehearing a demurrer to a complaint on a motion for judgment after the answer is filed, but, as counsel for both sides joined in this method of disposing of the case without objection and treated the complaint, bill of particulars, and affirmative allegations of the answer as true, we shall do so likewise. A bill of particulars is not a pleading, and cannot help out one which is otherwise demurrable. When a pleading sets forth facts constituting the essential elements of a cause of action so that it is not obnoxious to a demurrer, but is so general as to afford opportunity for surprise when the proof is taken, a bill of particulars may be resorted to to secure requisite certainty. Rinker v. United States, 151 Fed. 755, 759, 81 C. C. A. 379, and cases cited. We shall therefore treat the bill of particulars filed in this case only as illustrative of the general averments of the complaint.

The answer presents little, if anything, beyond what is found in the complaint. It admits all its essential allegations, but states in detail what was there stated in substance only, concerning the relief which was granted by the decree in the former suit. Defendant's motion for judgment on the pleadings assumed the truth of the averments of the complaint and the affirmative undenied averments of the answer.

Their legal sufficiency was challenged by defendant's motion for a judgment. Practically, however, we are called upon to determine whether the complaint stated a cause of action.

The substance of the charge made is that defendant Young, who was a director in the amusement company, acting in concert with its other directors wrongfully failed to secure a renewal of some valuable leases owned by their company, and allowed the same to be acquired by another company in which the plaintiff had no interest. We held in Mc-Court v. Singers-Bigger, supra, that the reasonable expectancy of a renewal of a lease by a tenant is regarded in equity as property, and the charge in this case is that the defendant, co-operating with his associate directors, converted that property to their own use, and that as a result the plaintiff was compelled to assert the rights of the corporation in order to secure her stockholder's portion of damages which resulted to the corporation by the wrongful act of the directors; that in doing so she expended money and otherwise sustained loss as stated in the complaint. The wrong complained of against the defendant does not arise out of his personal, but solely out of his official, acts. Neither he nor his associate directors as individuals could secure the renewal of the leases. The right to it was in their corporation, and its assertion required the official action of its directors. Defendant's special employment by plaintiff to protect her rights was necessarily in subordination to his duty as director. If the contract of employment obligated the defendant to assist plaintiff to control the corporate action of the company in the important particular under consideration, regardless of his duty as a director to represent and act for all the stockholders alike, it would have been against the policy of the law of Colorado under which the amusement company was incorporated. This law confides the business management of such corporations to boards of directors (Mills' Ann. St. § 481), and requires a majority of them to authorize any proposed act (Thomp. on Corp. § 726). A contract of the character just suggested would tend to deprive the stockholders of the benefit of defendant's independent and impartial judgment, and subordinate the interests of the corporation, which his duty required him to serve, to the individual interests of his employer, and would be contrary to public policy and void. Wardell v. Railroad Company, 103 U. S. 651, 26 L. Ed. 509; West v. Camden, 135 U. S. 507, 520, 10 Sup. Ct. 838, 34 L. Ed. 254. Whatever other obligations defendant owed to plaintiff by reason of the contract of employment, he owed her nothing with respect to his duty as a director. That was conclusively determined by law, and could not be added to or lessened by a personal contract with one of the stockholders. The right to a renewal of the leases was the right of the corporation, and the injury resulting from a wrongful failure to secure that right by the directors was an injury to the corporation. The general rule is that the corporation alone can maintain a suit for damages occasioned to it by the wrongful acts of its directors. Thomp. on Corp. § 4119, 4471, et seq., and cases cited.

Chief Justice Shaw, in the leading case of Smith v. Hurd, 12 Metc. (Mass.) 371, 46 Am. Dec. 690, discussing the correlative rights, powers, and duties of a corporation and its stockholders, said:

"The bank is a corporation and body politic, having a separate existence as a distinct person in law, * * * to whom all * * * officers and servants are responsible for * * * torts and injuries. * * * The individual members of the corporation, whether they should all join, or each act severally, have no right or power to intermeddle with the property or concerns of the bank, or call any officer, agent, or servant to account, or discharge them from any liability, * * * simply because they are not the legal owners of the property, and damage done to such property is not an injury to them."

The principles just referred to are, in our opinion, decisive of this case. Plaintiff's ground for recovery rests exclusively in the malfeasance of an officer of the corporation which resulted in loss of corporate assets. Any right of action resulting from that malfeasance belongs to the corporation itself.

Plaintiff's particular claim that she was damaged by not having the use of certain money which she ultimately received in dividends, from the time the income from the theaters was wrongfully cut off by the misconduct of defendant until they were finally paid out of the proceeds of the litigation to the stockholders, clearly falls within the rule just announced. This lost use of the money is in contemplation of law a loss to the corporation itself, and not to the stockholders. The latter had no legal right to it until the directors of the corporation should distribute it to them. Non constat that any dividend would have been declared if the money had been received earlier. The exigencies of the company might have required its use for other purposes. "A shareholder cannot maintain an action at law against the directors for any loss sustained by him through the waste of the assets of the corporation, the deprivation of dividends or the diminution of the value of his shares in consequence of the mistake, negligence, fraud, or other nonfeasance or malfeasance of the directors in the discharge of the duties of their office." Thomp. on Corp. § 4472, and cases cited.

We are also of opinion that all the other specified items of damage resulting to plaintiff from the malfeasance of defendant Young are damages recoverable only by the corporation. But there is another reason why plaintiff cannot recover them in this action. She paid certain costs and expenses in the litigation which were decreed to be a charge against the fund secured and were awarded and paid to her out of the recovery. Her present complaint is that because she was the owner of one-half of the stock, and because the money restored to her in payment of the costs and expenses came out of the assets of the company, she was compelled in this indirect way to bear one-half of them. For this indirect loss, as well as for some costs and expenses which she claims were not refunded to her, she seeks now to hold the defendant Young. He with his co-directors were defendants in that case, and all other persons were made parties who were necessary to its final and equitable disposition, including the determination of the ultimate liability for all costs and expenses incurred in its prosecution. The fact that plaintiff had expended money in defraying the costs and expenses and all the facts concerning Young's infidelity and malfeasance were before the court for adjudication and in view of all of them the court ordered some to be taxed against the fund, and is alleged to have made no provision with respect to the balance. It might, in the exercise of the jurisdiction vested in it as a

court of equity, if the facts had so warranted, have declined to reimburse plaintiff at all, or it might have ordered Young or the other directors to pay plaintiff's equitable portion of them out of their individual assets. The court had full power and jurisdiction over the subject and parties, and could do what equity and good conscience dictated. Pomeroy in his work on Equity Jurisprudence, vol. 1, §§ 114 and 115, says:

"The governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in the one suit the rights and duties of all the parties, which really grow out of or are connected with the subject-matter of that suit. * * * The fundamental principle of equity in relation to judgments is that the court shall determine and adjust the rights and liabilities concerning or connected with the subject-matter of all the parties to the suit, and shall grant the particular remedy appropriate in amount and nature to each of those entitled to any relief, and against each of those who are liable, and finally shall so frame its decree as to bar all future claims of any party before it which may arise from the subject-matter and which are within the scope of the present adjudication."

The parties to this suit were parties to the former one, and the claim now asserted by one of them against another is one which either was or might have been adjudicated then. In such circumstances the decree then rendered is conclusive of the matter now sought to be litigated. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Fish Bros. Wagon Co. v. Fish Bros. Mfg. Co., 95 Fed. 457, 37 C. C. A. 146; Stewart v. Board of Trustees, 156 Fed. 773, 84 C. C. A. 451.

Affirmed.