JOHNSTON REALTY & INVESTMENT CO. *v.* GROSVENOR.

1. SPECIFIC PERFORMANCE—NOT A MATTER OF RIGHT—WITHHELD WHERE EQUITY LACKING.

The remedy of specific performance is not a matter of right, and where there is a lack of equity it should be withheld.

2. SAME — EXCHANGE OF PROPERTY — SPECIFIC PERFORMANCE REFUSED WHERE DEFENDANT OVERREACHED.

Specific performance of a contract for an exchange of properties was properly refused where the evidence shows that plaintiffs' equity was practically worthless, while defendant's property was worth about $15,000, and that defendant's simplicity, credulity, and lack of experience were seized upon by plaintiffs and he was overreached, although no fraud was established.

3. APPEAL AND ERROR—PARTY NOT APPEALING NOT ENTITLED TO ADDITIONAL RELIEF ON APPEAL.

Where defendant did not appeal, his claim for additional relief may not be considered by the Supreme Court.

WIEST and CLARK, JJ., dissenting.

Appeal from Chippewa; Fead (Louis H.), J. Submitted October 13, 1927. (Docket No. 113.) Decided January 3, 1928.

Bill by the Johnston Realty & Investment Company and another against John M. Grosvenor for specific performance of a contract for an exchange of real property. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*McDonald & Kaltz,* for plaintiffs.

*W. F. Umphrey* and *Davidson & Hudson,* for defendant.

---

[1]Specific Performance, 36 Cyc. pp. 548, 551, 612; 14 L. R. A. (N. S.) 317; 25 R. C. L. 222; 4 R. C. L. Supp. 1575; [2]Id., 36 Cyc. p. 615.

NORTH, J.    This case is one brought on appeal from the circuit court of Chippewa county in which the relief by way of specific performance sought by the plaintiffs and appellants was denied and the bill of complaint dismissed.    Reference is made in the record to the defendant's cross-bill, and at the conclusion of defendant's answer there is a prayer for affirmative relief.    There seems to have been no answer filed to this so-called cross-bill, nor was default entered.    In the opinion filed the trial judge said because "the defendant has not sustained the burden of proof, the prayer of the cross-bill must be denied."    While this cross-bill is referred to in the recital portion of the final decree, no disposition of the same or the relief therein sought is decreed.    The defendant did not appeal.

Because it is not believed it would be helpful, a detailed statement of all the facts involved will not be attempted.    On the 20th day of April, 1926, at the city of Tampa, Florida, the plaintiffs and defendant entered into a contract, by the terms of which plaintiffs deeded to defendant certain Florida property, consisting of an apartment house and a vacant lot in the city of Tampa, Florida, and the defendant deeded to plaintiffs a tract of 1,400 acres of land situated in Chippewa county, Michigan.    The deeds of the respective parties were deposited with the National City Bank of Tampa, along with the contract, which made provision for the subsequent delivery of the deeds to the grantees.    After a recital of the details of the trade and of the incumbrances on the Florida lands, this instrument provided plaintiffs should have at least 30 days from delivery of abstracts to them within which to examine and pass upon the title to the Michigan land, and, further, "if the personal examination reveals the fact that the land is not up to the expectations of" the plaintiffs and appellants herein, then the

bank should return the deeds to the respective grantors. The defendant delivered his abstracts to plaintiffs, who had them examined; and, on May 3d, plaintiffs, being satisfied with the title, gave the bank written notice of authority to deliver their deeds to the defendant and demanded delivery of the deed to the Michigan lands. This the bank refused because the defendant had notified the bank on the same date not to deliver his deed. The record shows the defendant, upon inquiry, had been advised in the meantime the Florida property was of much less value than he had supposed it was, and, as he claims, much less than the plaintiffs had represented it to be. This bill was filed to compel the specific performance of this agreement by the delivery of the deeds.

Grosvenor defended on the ground that he was induced to execute his deed and the agreement through fraud and misrepresentation by the plaintiffs relative to the value of the Florida lands, existing leases on the apartment building, the rental income derived therefrom, and as to the provision made in the agreement for the delivery of defendant's deed, and in some other particulars. None of these need consideration here, because the trial judge found they were not established by the preponderance of proof. We adopt this determination as being justified by the record, at least the finding is favorable to the appellants.

The relief sought by the plaintiffs was denied by the trial court on the ground that, under the facts and circumstances of this case, it would be contrary to equity and good conscience to grant specific performance, that being a remedy of grace and not of right. Stripped of many details which appear in the record and which were considered in the lengthy opinion filed by the circuit judge, the circumstance which forced this conclusion was that it appears from the proof plaintiffs' Florida lands were mortgaged for

practically their full value, and they are here seeking the aid of a court of equity to force the consummation of a transaction whereby the plaintiffs would receive for their well-nigh worthless equity the defendant's unincumbered lands, which appear to be worth substantially $15,000. The trial court properly found that such a transaction would be unjust and inequitable; and that the proofs disclosed an overreaching by the plaintiffs. Even if the defendant's claims of fraud and misrepresentation were not established, as was determined by the court below, still we have a case where clearly the simplicity, the credulity, and lack of experience of this defendant were seized upon by over-zealous plaintiffs, who are here seeking the enforcement of an inequitable contract. Under such circumstances, the remedy of specific performance is not a matter of right, but instead, because of the lack of equity, should be withheld. The equitable principles and the authorities applicable to this case are fully set forth in the recent opinion of Chief Justice SHARPE in *Linsell* v. *Halicki*, 240 Mich. 483.

Because the defendant has not appealed from the decree of the lower court, we cannot pass upon the claim urged in his brief for relief by way of cancellation of the deed which he executed to the plaintiffs or clearing the cloud from the title to his land which he asserts has been created by filing a *lis pendens* incident to this suit. *Herpel* v. *Herpel*, 162 Mich. 606; *Lee* v. *Stratford Arms Hotel Co.*, 236 Mich. 520.

The decree in the circuit is affirmed, with costs to defendant.

FLANNIGAN, C. J., and FELLOWS, McDONALD, BIRD, and SHARPE, JJ., concurred.

WIEST, J. (*dissenting*). I cannot concur in this opinion. Defendant made a bad bargain, but was

not induced to do so by fraud.     He was overreached, but that does not let him out.     I know that specific performance is not a matter of right but of discretion, yet, it seems to me, it should require something more, to move the court to refuse, than a bad bargain, made by a man of mature years and fully competent to transact his own business.

The decree should be reversed and one entered here for specific performance.

CLARK, J., concurred with WIEST, J.