WOLVERINE PACKING CO. *v.* HAWLEY.

1. CONTRACTS—DEFAULT—WAIVER—RESCISSION.
   Where growers decided to continue under contract for sale of cherries after purchaser's default in paying cash on assurance that in future cash would be paid, said default is material on question of whether growers were justified in renouncing contract for subsequent default.

2. Specific Performance—Matter of Grace.
   Specific performance is matter of grace, and not of right.

3. Same—Withheld if Plaintiff's Case Lacks Equity.
   Specific performance will be wholly withheld if plaintiff's case is lacking in equity.

4. Sales—Default—Rescission.
   Failure to pay for an installment of a contract commodity on delivery as provided in the contract of sale is sufficient ground for rescission by vendor.

5. Specific Performance—Properly Denied Where Plaintiff in Default.
   Failure of purchaser of cherries to pay cash on delivery as provided in contract justified denial of specific performance.

Appeal from Oceana; Barton (Joseph), J. Submitted June 12, 1930. (Docket No. 52, Calendar No. 35,059.)    Decided June 27, 1930.

Bill by Wolverine Packing Company, a Michigan corporation, against O. E. Hawley and another to compel specific performance of a contract for a crop of cherries. From a decree for defendants, plaintiff appeals. Affirmed.

*A. A. Kaiser* and *Oscar E. Waer,* for plaintiff.

*Hinds & Kelly,* for defendants.

North, J.   Plaintiff entered into a contract with the defendant Hawley whereby the latter sold at five cents per pound all of his Richmond and Montmorency cherries for the seasons of 1927 to 1936, inclusive.   Delivery was to be through the Shelby New Era Co-operative Association, and payment by plaintiff was to be made through this association for ''said cherries as fast as same are delivered to the warehouse'' of the association at Shelby,

Michigan. For reasons hereinafter noted, Mr. Hawley claimed he was released from the terms of the contract in July, 1929; and he, as well as numerous other cherry growers who had similar contracts with plaintiff, refused to make delivery to plaintiff and sold to other buyers. Plaintiff by this bill in equity seeks to have the contract, which was also signed by the Shelby association, specifically performed and the defendant Hawley restrained from selling or delivering his cherries or any part thereof to any one other than plaintiff. After hearing, decree dismissing the bill was entered, and plaintiff has appealed.

The defendants assert that plaintiff first breached the contract, and in consequence thereof they have rescinded and are released from its terms. The 1927 crop was handled under this contract without serious cause for complaint. But throughout the season of 1928 defendant Hawley and other producers experienced much difficulty and inconvenience because of plaintiff's failure to furnish containers sufficient to care for the crop in accordance with plaintiff's contract. This was due in part to the fact that the crop was unusually large. In addition to this, plaintiff was badly in default during the 1928 season by its continued failure to furnish the association with money with which to pay for the cherries on delivery as provided in plaintiff's contracts. At one time plaintiff was in arrears in excess of $17,000. Payment was not fully made until some weeks after the season closed.

Plaintiff claims that these defaults of 1928 are immaterial to the present controversy because there were subsequent meetings between the parties at which these matters were gone over and it was agreed to continue under the contract. But this was

with assurance from plaintiff that in the future cash would be paid upon delivery. In other words, the parties proposed to proceed under the contract providing plaintiff lived up to its terms. This renders untenable plaintiff's contention that its previous failures to conform to the contract are immaterial. These circumstances clearly have a bearing upon the question of whether Mr. Hawley and the other growers were justified in renouncing their contracts with plaintiff.

The first of the 1929 crop was brought to the association's warehouse for delivery July 15th. Plaintiff had provided no funds with which to pay, notwithstanding the association's manager, according to his testimony, had some days previously notified plaintiff that deliveries would begin on the 15th and he "couldn't hold the growers back longer because other factories were opening up at the same time." Plaintiff sent its truck to the association's warehouse for the Monday delivery but provided no funds with which to pay. Plaintiff had ample funds on hand according to the testimony of its president and was prepared to finance the season's crop; but no money was placed at the disposal of the Shelby Association until the afternoon of the 16th. When Mr. Hawley and some of the other growers offered delivery on the 15th and were advised that plaintiff had not provided for cash payment on delivery, they refused to be longer bound by their contracts and sold their cherries to other buyers. They claim that plaintiff's repeated failures to live up to the terms of its contracts justified them in refusing to be longer bound thereby. Plaintiff claims that the facts do not justify rescission and that it is entitled to the equitable relief sought.

Passing without deciding defendants' contention that plaintiff is not entitled to relief in equity because it has an adequate remedy at law, we still are of the opinion that plaintiff's bill of complaint was properly dismissed. Plaintiff's present default was aggravated by its previous disregard of the same provision of its contracts. Plaintiff's failure to pay promptly had been a matter of serious dissatisfaction during the preceding season, and in advance of the 1929 season its officers had assured the growers of cash on delivery in accordance with the terms of their contracts. Plaintiff was timely notified that deliveries would begin on the 15th, but it made no provision for payment.

"One failing to perform on his part a condition precedent, thereby loses all right to require the further fulfillment of the contract on the part of the other party thereto" (syllabus). *Jenness* v. *Shaw,* 35 Mich. 20.

Specific performance is a matter of grace, and not of right. It is less commonly granted in controversies involving rights in personal property than in those concerning real property; and will be wholly withheld if plaintiff's case is lacking in equity. *Johnston Realty & Investment Co.* v. *Grosvenor,* 241 Mich. 321. It is a general rule that failure to pay for an installment of a contract commodity on delivery as provided in the contract of sale is sufficient ground for rescission by the vendor. 24 R. C. L. p. 280; 35 Cyc. pp. 131, 133. At least this should be the rule in equity in view of the circumstances here presented. Because of default in making an installment payment within the time required by the contract, this court has refused specific performance of an agreement, and this notwithstanding it

pertained to the purchase of real property. *Caplan v. Rausch,* 235 Mich. 693. Plaintiff's default in the instant case is such that the trial court was amply justified in denying the equitable relief sought.

The decree of the lower court is affirmed, with costs to the appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.