MARVIN v. SOLVENTOL CHEMICAL PRODUCTS, INC.

1. Equity—Motion to Dismiss—Admission of Facts Well Pleaded.
   On motion to dismiss a bill of complaint, all properly alleged facts must be taken as admitted.

2. Specific Performance—Executory Contracts—Equity.
   Generally, the specific performance of an executory contract is a matter of grace and not of right; it depends upon the peculiar circumstances of each case, is less commonly granted in controversies involving rights in personal property than in those concerning real property, and will be wholly withheld if plaintiff's case is lacking in equity.

3. Same—Damages—Breach of Contract.
   Specific performance of an executory contract is not strictly a matter of absolute right, even though a legal right to damages for breach of contract might exist.

4. Contracts—Indivisible Contracts—Specific Performance—Loan to Corporation.
   Contract whereby plaintiff was to loan $34,000 to defendant corporation for which he was to receive a bonus of $6,000 in convertible bonds in addition to 4 per cent. interest and the option to purchase 190,000 shares of authorized but unissued capital stock, two places on seven-man board of directors, and immediate control of the financial affairs of the corporation *held*, an indivisible contract which must, if enforced by specific performance, be decreed to be carried out in its entirety.

5. Same—Test of Validity.
   The validity of a contract is not to be tested by the matter of good faith or performance by one party.

6. Corporations—Board of Directors—Business Management.
   It is the duty of the members of the board of directors of a private corporation to exercise their best judgment in the

Illegality of contracts respecting corporate management, see 2 Restatement, Contracts, § 569.

management of the affairs of the corporation (Act No. 327, § 13, Pub. Acts 1931).

7. CONTRACTS—FINANCIAL CONTROL OF CORPORATION—PUBLIC POLICY. A contract whereby the control of the financial affairs of a private corporation would pass out of the hands of the board of directors into the hands of party loaning money to the corporation is contrary to public policy and unenforceable either in law or equity (Act No. 327, § 13, Pub. Acts 1931).

Appeal from Wayne; Webster (Arthur), J. Submitted April 10, 1941. (Docket No. 45, Calendar No. 41,324.) Decided June 30, 1941.

Bill by E. W. Marvin against Solventol Chemical Products, Inc., a Michigan corporation, for specific performance of an executory contract. Bill dismissed. Plaintiff appeals. Affirmed.

*Voorhies, Long, Ryan & McNair* (*Wm. John Spicer,* of counsel), for plaintiff.

*Yerkes, Sells & Putnam,* for defendant.

SHARPE, C. J. This is an action for the specific performance of a written contract. The facts are not in dispute. In March, 1940, plaintiff and defendant corporation entered into a contract, the substance of which was that plaintiff agreed to pay the sum of $34,000 in cash to defendant company for $40,000 face value of defendant's five-year convertible bonds together with option to purchase 190,000 shares of defendant's authorized, but unissued, capital stock. Defendant refused to perform the agreement.

The agreement contained the following:

"You (defendant corporation) further represent that the board of directors consists of seven mem-

bers, of which two have agreed to resign forthwith upon fulfillment of this agreement, and that the holders of a majority of the common capital stock of your company have agreed that at a special meeting of the stockholders to be called forthwith upon the fulfillment of this agreement, or simultaneously therewith, they will vote their stock for the election of two directors to be named by me, one of whom shall have access, with Mr. C. A. Campbell, to the said secret formula at the Detroit Bank under the same form of agreement that now exists, and one of whom, as shall be designated by me, shall be comptroller of the corporation and shall have complete charge of all finances of the company of whatsoever kind and nature, no expenditures shall be made or authorized without his prior approval, and his authority in this respect shall be complete and final. He shall devote substantially all of his time to the business of the company, his compensation to be reasonable and to be mutually agreed upon. It is understood and agreed that I, myself, may be designated as one of the directors and comptroller."

Defendant filed a motion to dismiss the bill of complaint upon the following grounds: that no equity appears on the face of the bill of complaint; that the contract is inequitable, unequal and unjust; that there is no mutuality of obligation or remedy on the part of defendant; that the contract contravenes the penal statutes of the State of Michigan; that the contract is in violation of public policy; that plaintiff's remedy is in a court of law; and that the contract is incomplete and indefinite.

The trial court granted the motion to dismiss the bill of complaint on the theory that the contract was against public policy.

Plaintiff appeals and contends that the paragraph recited above is not a part of the bargain between the parties; that if said paragraph is a part of the contract, it is not an illegal undertaking and is sev-

erable from the other promises; that the bill of complaint states a cause of action for specific performance; and that the trial court was in error in dismissing the bill of complaint with prejudice.

In deciding this case we have in mind that on motion to dismiss the bill of complaint, all properly alleged facts must be taken as admitted; and that the contract upon which specific performance is requested is an executory contract. In such cases it is the general rule that specific performance of an executory contract is a matter of grace and not of right.

"The specific performance of contracts must always rest in the sound discretion of the court, to be decreed or not as shall seem just and equitable under the peculiar circumstances of each case." *Smith* v. *Lawrence,* 15 Mich. 499, 501.

"The relief sought by the plaintiffs was denied by the trial court on the ground that, under the facts and circumstances of this case, it would be contrary to equity and good conscience to grant specific performance, that being a remedy of grace and not of right." *Johnston Realty & Investment Co.* v. *Grosvenor,* 241 Mich. 321, 323.

"Specific performance is a matter of grace, and not of right. It is less commonly granted in controversies involving rights in personal property than in those concerning real property; and will be wholly withheld if plaintiff's case is lacking in equity." *Wolverine Packing Co.* v. *Hawley,* 251 Mich. 215, 219.

"Specific performance of an executory contract 'is not strictly a matter of absolute right, even though a legal right to damages for breach of contract might exist.' " *Linsell* v. *Halicki,* 240 Mich. 483, 485.

In our examination of the contract we find that it provides for a loan of $34,000 carrying a bonus

of $6,000 in addition to interest at the rate of 4 per cent. per annum; it provides for the granting of "rights to purchase" 190,000 shares of defendant's stock within a period of five years; and plaintiff was to gain immediate control of the corporation. In our opinion, the proposed contract is incapable of division and must, if enforced by specific performance, be decreed to be carried out in its entirety.

It is urged by defendant that the proposed contract is contrary to public policy in that plaintiff would have control of the board of directors and have complete charge of all finances.

In *Scripps* v. *Sweeney*, 160 Mich. 148, we said:

"Nor is the validity of this agreement to be tested by the matter of good faith or performance by one party."

In that case, we also said:

"Again in *Singers-Bigger* v. *Young*, 91 C. C. A. 510, 513 (166 Fed. 82), Adams, J., stated the rule as follows:

" 'If the contract of employment obligated the defendant to assist plaintiff to control the corporate action of the company in the important particular under consideration, regardless of his duty as a director to represent and act for all the stockholders alike, it would have been against the policy of the law of Colorado under which the amusement company was incorporated. This law confides the business management of such corporations to boards of directors (Mills' Ann. Stat. [Col.] § 481), and requires a majority of them to authorize any proposed act (1 Thompson on Corporations, § 726). A contract of the character just suggested would tend to deprive the stockholders of the benefit of defendant's independent and impartial judgment, and subordinate the interests of the corporation, which his duty required him to serve, to the individual

interests of his employer, and would be contrary to public policy and void. *Wardell* v. *Railroad Co.,* 103 U. S. 651 (26 L. Ed. 509); *West* v. *Camden,* 135 U. S. 507, 520 (10 Sup. Ct. 838, 34 L. Ed. 254). Whatever other obligations defendant owed to plaintiff by reason of the contract of employment, he owed her nothing with respect to his duty as a director. That was conclusively determined by law, and could not be added to or lessened by a personal contract with one of the stockholders.'

"In *Jones* v. *Williams,* 139 Mo. 1, 32 (39 S. W. 486, 40 S. W. 353, 37 L. R. A. 682, 61 Am. St. Rep. 436), the rule was recognized:

" 'But it is said that the contract is against public policy and void, for the reason that it couples with a sale of stock in the corporation an agreement to give to the purchaser a position for five years at a large salary, and, in addition, the position of director and president of the corporation.

" 'Counsel cite many cases in support of their position. It is undoubtedly true that an agreement by one stockholder for the sale, directly or indirectly, of an office in a corporation, or of a permanent position therein, "would be against public policy and void," though the contracting stockholder had shares sufficient in amount to give him control in the election of officers. By such agreement he might be required to act contrary to the duty he owed the company and other stockholders. *West* v. *Camden,* 135 U. S. 507 (10 Sup. Ct. 838, 34 L. Ed. 254).

" 'Each shareholder in the corporation has a right to rely upon the judgment of all the others, in the election of directors and officers, and any agreement which puts it out of his power to exercise such judgment is against public policy.' "

In Michigan, it is the duty of the members of the board of directors of a private corporation to exercise their best judgment in the management of

the affairs of the corporation;* and it is the right of the stockholders to have each director use his independent judgment upon each problem that properly may come before the board of directors. Citation of authority is unnecessary to establish the principle that the person in complete control of the finances of a corporation dictates its policy.

In the case at bar, the control of the financial affairs of the corporation would pass out of the hands of the board of directors and into the hands of a comptroller named by plaintiff who "shall have complete charge of all finances of the company of whatsoever kind and nature, no expenditures shall be made or authorized without his prior approval, and his authority in this respect shall be complete and final." A director that agrees to such control abdicates in many respects his rights and fails in his duty and is not in a position to assert the rights that the stockholders in electing him assumed he would perform. By such action he has not kept faith with those that gave him the authority of a director. Such a proposed contract runs contrary to the established public policy as we have come to know it in the State of Michigan.

The refusal of the trial court to enforce such a contract is in harmony with established principles of law. There was no abuse of discretion in such refusal. Moreover, a contract in violation of the public policy of our State is as unenforceable in law as it is in equity.

The decree of the trial court is affirmed, with costs to defendant.

BUSHNELL, BOYLES, NORTH, WIEST, and BUTZEL, JJ., concurred. CHANDLER, J., did not sit. MC-ALLISTER, J., took no part in this decision.

---

* See Act No. 327, § 13, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135–13, Stat. Ann. § 21.13).—REPORTER.