GLOVER v. DIGGS.

1. Appeal and Error—Questions Reviewable—Parties.

Consideration of plaintiff mutual insurance company policy-holder's request for relief against insurance commissioner's approval of reinsurance agreement with another insurer is not given, where the commissioner had been dismissed as a party in the court below and is not a party to the case on appeal.

2. Judgment—Parties—Reinsurance—Contracts.

The validity of a reinsurance agreement cannot be a proper matter of litigation in a case in which neither party to the contract is a party to the suit.

3. Insurance — Reinsurance — Contracts — Parties — Jurisdiction of Insurance Commissioner — Receivers.

Suit by policyholder of mutual insurance company against company's officers and insurance commissioner to invalidate reinsurance agreement, for appointment of a conservator, and for an accounting *held*, properly dismissed, where neither party to the agreement had been joined, the agreement is now in effect, and the insurance commissioner is vested with sole jurisdiction to initiate receivership proceedings as to insurance companies (CLS 1956, § 500.7808).

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted October 3, 1962. (Docket No. 12, Calendar No. 49,569.) Decided December 4, 1962.

Bill by Lida Glover, individually and on behalf of Detroit Metropolitan Mutual Assurance Company, a

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 172 *et seq.*
[3] 29A Am Jur, Insurance § 1757.

Michigan mutual life insurance company, against Charles C. Diggs, Sr., Charles C. Diggs, Jr., and Frank Blackford, Insurance Commissioner of the State of Michigan, for accounting, recovery of funds wrongfully expended, and appointment of conservator, and to enjoin approval of reinsurance program as a means for continuation of business. Action dismissed as to State insurance commissioner. From dismissal of bill against remaining defendants, plaintiff appeals. Affirmed.

*Frazer & Popkin,* for plaintiff.

*Basil W. Brown,* for defendants Diggs.

CARR, C. J. Plaintiff in this case asserted in her bill of complaint that she was the owner of an insurance policy issued by the Detroit Metropolitan Mutual Assurance Company and that she brought the suit as such, and also on behalf of other policyholders, and said company. The pleading alleged that defendants Charles C. Diggs, Sr., and Charles C. Diggs, Jr., had heretofore withdrawn, or caused to be charged to the Company, certain moneys that they had used for their private purposes and of which they should be adjudged trustees *maleficio.* It is unnecessary to itemize the specific claims so asserted.

It appears from plaintiff's pleading that negotiations were carried on between the Detroit Metropolitan Mutual Assurance Company, hereinafter referred to as Metropolitan, and the Mammoth Life & Accident Insurance Company, a Kentucky stock insurance organization. The latter company for the sake of brevity will be referred to herein as Mammoth. The purpose of said negotiations was to bring about a reinsurance agreement whereby Mammoth would take over the obligations incurred by Metro-

politan under the policies issued to plaintiff and others, with a corresponding transfer of assets. Such an agreement was apparently made between the managing officers of the 2 companies and evidenced by instruments referred to in the record as "Declaration of Trust" and "Agreement for Maintenance of Business" in which the rights and obligations of the respective parties were specified in detail. It further appears that a majority of the policyholders, voting thereon, approved the agreement.

Plaintiff averred that the reinsurance program was not conducive to the best interests of the policyholders in Metropolitan and she expressed her opposition thereto on the ground that there was no necessity for such action and that it was conceived by defendants Diggs and other officers and directors of Metropolitan for wholly personal reasons on their part. It was averred in the bill of complaint that the steps taken to further the plan were in contravention of the laws of the State of Michigan and the bylaws of Metropolitan. The pleading failed to allege what specific statutory provisions or bylaws had been violated. The insurance commissioner of the State of Michigan was joined as a party defendant and injunctive relief was asked against him to restrain him from approving the plan into which the 2 companies had entered.

On behalf of defendants, motions to dismiss the bill of complaint were filed and brought on for hearing in circuit court. Said motions presented the question as to the jurisdiction of the trial court of the subject matter of the action, particular reference being made in this respect to plaintiff's request for the appointment of a "conservator" for Metropolitan. In this connection attention has been directed to the provision of the statute vesting in the commissioner of insurance sole authority to invoke the jurisdiction of the court in receivership proceed-

ings against an insurance company. CLS 1956, § 500.7808 (Stat Ann 1957 Rev § 24.17808). The motion to dismiss as to the commissioner of insurance was granted and like action was taken following the hearing of the motion submitted by the other defendants. Plaintiff has appealed from the latter order but apparently acquiesces in the action taken with reference to the commissioner.

It is conceded that the agreement between Metropolitan and Mammoth became effective as a result of the action of the insurance commissioner in approving it, said order of approval being the final step in the proceedings. Attention is called by counsel for appellees to the fact that no appeal from such order, under the provisions of PA 1952, No 197 as amended*, was made or attempted. However, the commissioner of insurance not being a party to the case on appeal, plaintiff's request for relief as against his order of approval of the reinsurance agreement does not require consideration.

Was plaintiff entitled to a hearing in circuit court on the basis of the charges made by her against defendants Diggs? The moneys claimed to have been wrongfully appropriated and expended for improper purposes belonged to Metropolitan, which was not made a party to the litigation. The rights of plaintiff and other policyholders were dependent on the provisions of their policies. The precise manner in which plaintiff and others in like situation might benefit by a recovery on behalf of Metropolitan does not appear from the bill of complaint. The reinsurance agreement, as before noted, is now in force and effect. Obviously the validity thereof cannot be held

---

* CLS 1956, § 24.101 et seq. (Stat Ann 1961 Rev § 3.560[21.1] et seq.).

to be a proper matter of litigation in a case in which neither of the contracting companies is a party.

In support of the claim of right to maintain the present action counsel for plaintiff rely on the decision of the supreme court of Illinois in *Winger* v. *Chicago City Bank & Trust Company,* 394 Ill 94 (67 NE2d 265). That case involved the sale of assets by the Illinois Bankers Life Association to the Illinois Bankers Life Assurance Company. The suit was brought against directors of the first-named company by policyholders therein who asserted that defendants had in effect purchased the assets themselves by causing the transfer to be made to the second company in which they owned all of the capital stock. Obviously the situation there presented varies from that asserted by the bill of complaint in the instant case. Furthermore, both of the Illinois companies concerned were made parties to the litigation to the end that the rights of each, if involved, might be properly determined.

If a suit of this nature, brought by the holder of a policy issued by an insurance company, may be regarded as analogous to an action by a stockholder of a corporation when duly authorized under the law of the State, like rules of procedure must be observed. It is firmly established by prior decisions of this Court that in a so-called stockholder's suit the corporation is a necessary party to the end that it may be bound by the decree rendered. The protection of defendants in such a case necessitates the holding. *Dean* v. *Kellogg,* 294 Mich 200, 207.

The case does not require further discussion. Without reference to other questions involved, it is obvious that necessary parties were not joined as defendants and, in consequence, the trial court could not properly proceed to a trial of the issues sought to be raised by plaintiff in her bill of complaint.

The order granting the motion to dismiss is affirmed, with costs to appellees.

DETHMERS, KELLY, and SOURIS, JJ., concurred with CARR, C. J.

BLACK and KAVANAGH, JJ., concurred in result.

OTIS M. SMITH and ADAMS, JJ., did not sit.