WILTSIE v. STANDARD ACCIDENT INSURANCE COMPANY.

1. INSURANCE—CONSTRUCTION OF STATUTES—CORPORATIONS.

The insurance code purports to be a complete act covering insurance companies and does not compel one to look to the general corporation act for provisions applicable to matters intentionally or inadvertently omitted in the insurance code (CL 1948, § 450.54 *et seq.*, as amended; CLS 1961, § 500.7604 *et seq.*).

2. CORPORATIONS—APPLICATION OF STATUTES—INSURANCE COMPANIES.

The general corporation act declares that it shall be wholly inapplicable to insurance companies (CL 1948, § 450.3, as amended by PA 1962, No 169).

3. INSURANCE—CONSTRUCTION OF STATUTES—CORPORATIONS.

Provision of insurance code that companies formed thereunder should be deemed bodies corporate and subject to all provisions of law in relation to corporations as far as they are applicable identifies insurance companies as legal entities responsible before the law as are other legally organized corporations but does not permit insurance companies coming into being under the insurance code to look to other statutes for what might be lacking in their own existence. (CLS 1961, § 500.5204).

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 13 Am Jur, Corporations § 29 *et seq.*
[4] 13 Am Jur, Corporations § 1223.

4. SAME—APPRAISAL RIGHTS OF DISSENTING STOCKHOLDERS—MERGER OF COMPANIES.

    The insurance code does not incorporate by reference the appraisal rights accorded dissenting stockholders by the general corporation act upon merger of corporations (CL 1948, § 450.54 *et seq.,* as amended; CLS 1961, §§ 500.5204, 500.7604).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 March 2, 1965, at Detroit. (Docket No. 121.)   Decided June 21, 1965.

Complaint by Mary Wiltsie against Standard Accident Insurance Company, a Michigan corporation, to appoint appraisers to determine the fair cash value of plaintiff's shares of stock in defendant corporation.   Defendant's motion to dismiss denied. Defendant appeals.   Reversed.

*Griffin, Seely, Boyer & Gilleo* (*Robert C. Boyer,* of counsel), for plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy* (*A. Hilliard Williams* and *Alfred W. Massnick,* of counsel), for defendant.

LESINSKI, C. J.   Standard Accident Insurance Company, a Michigan insurance company, merged with Reliance Insurance Company, a Pennsylvania corporation duly authorized and qualified to do business in Michigan, which merger became effective midnight December 31, 1963.   The merger was effected pursuant to the provisions of the Michigan insurance code of 1956.   PA 1956, No 218 (CLS 1961, § 500.7604 *et seq.,* [Stat Ann 1963 Cum Supp § 24.-17604 *et seq.*]).

Plaintiff Mary Wiltsie, a stockholder of Standard Accident Insurance Company, voted against the merger.   Claiming appraisal rights as a dissenting

stockholder under the Michigan general corporation act, PA 1931, No 327, as amended (CL 1948, § 450.54 *et seq.,* as amended [Stat Ann 1963 Rev § 21.54 *et seq.*]), plaintiff filed her complaint for appointment of appraisers pursuant thereto. At the time the merger was approved plaintiff owned 300 shares of Standard Accident Insurance Company stock and Reliance Insurance Company owned substantially all of the remaining shares outstanding.

Defendant Standard Accident Insurance Company answered and moved for judgment dismissing the complaint, claiming plaintiff as a dissenting stockholder did not have any appraisal rights under the Michigan insurance code or otherwise. Circuit court denied defendant's motion.

The specific question before this Court is whether a dissenting stockholder of an insurance company has appraisal rights under the Michigan general corporation act when two insurance companies merge in Michigan under the provisions of the Michigan insurance code of 1956.

The parties agree that there is no specific provision for stockholder appraisal rights in the Michigan insurance code nor any particular reference to appraisal rights in the Michigan insurance code as set forth in the Michigan general corporation act. Plaintiff argues that the Michigan insurance code incorporates by reference the appraisal rights of a dissenting stockholder under the Michigan general corporation act. Defendant asserts that the Michigan general corporation act is not available to dissenting stockholders of insurance companies.

After a review and study of these acts, this Court has not been persuaded that the intent of the legislature was to compel one to look to the Michigan general corporation act for provisions applicable to matters intentionally or inadvertently omitted in the

Michigan insurance code. The Michigan insurance code as enacted purports to be a complete act covering insurance companies. *Thorrez & Maes Manfg. Co. v. American Central Ins. Co.* (ED Mich, 1939) 32 F Supp 110; appeal dismissed 119 F2d 423.

The Michigan general corporation act places insurance companies on the relatively brief list of corporations to which the act shall be wholly inapplicable. CL 1948, § 450.3, as amended by PA 1962, No 169 (Stat Ann 1963 Rev § 21.3).

The argument is advanced that the Michigan insurance code provides that all companies formed under the insurance laws of the State shall be deemed bodies corporate and "subject to all of the provisions of law in relation to corporations as far as they are applicable" CLS 1961, § 500.5204 (Stat Ann 1957 Rev § 24.15204), and that therefore the provisions of the Michigan general corporation act are applicable. This section, in our opinion, identifies insurance companies established under its provisions as legal entities responsible before the law as are other legally organized corporations. To permit corporate entities coming into being under this specific statute to look to other statutes for what might be lacking in their own existence is to defeat the purpose of the Michigan insurance code which controls exclusively the particular facets and problems of companies organized in accord with its special provisions unless otherwise *specifically* provided.

The trial court relied on *In re St. Johns Building & Loan Association* (1948), 321 Mich 715, in reaching its decision. We find that the trial court erred in doing so; the *St. Johns Case* is not analogous to the facts now before this Court. The *St. Johns Case* determined the applicability of the Michigan general corporation act to associations that were not at that

time specifically excluded from its scope as is the insurance company in the case now before us.*

We hold that the Michigan insurance code of 1956 does not incorporate by reference the appraisal rights accorded dissenting stockholders by the Michigan general corporation act.

Reversed, costs to appellant.

J. H. GILLIS and T. G. KAVANAGH, JJ., concurred.

* Michigan general corporation act was amended in the legislative session immediately following decision in *St. Johns Case.* PA 1949, No 229 (CLS 1961, § 450.3 [Stat Ann 1961 Rev § 21.3]).