## A92A1852. BOYNTON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
### (429 SE2d 304)

COOPER, Judge.

Appellant is a policyholder and member of appellee, a "mutual" insurance company. Appellant brought a putative class action against appellee, alleging that appellee breached various duties it owed to its policyholders with respect to use of income in excess of the amount required for payment of claims, operating costs, and the maintenance of a reasonable reserve. She appeals from the trial court's denial of her motion for default judgment, the grant of appellee's motion for summary judgment on her claims based on fraud, misrepresentation, and the Deceptive Trade Practices Act, and the grant of appellee's motion to dismiss her breach of contract and conversion counts for failure to state a claim.

1. Appellant first argues that the trial court abused its discretion in opening appellee's default and denying her motion for default judgment. Appellant filed her complaint February 2, 1990. Within the extended period for an answer agreed to by the parties, appellee filed a motion to dismiss for failure to state a claim which arguably contained a general denial of the allegations of appellant's complaint. However, appellee did not file an actual answer until March 21, 1991, after its motion to dismiss was partially denied. Appellant made no motion for default judgment or to strike the answer at that time. Then, in November 1991, after appellant's motion for class certification had been denied and appellee had filed a motion for summary judgment, appellant moved for default judgment. "At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened . . . where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened. . . ." OCGA § 9-11-55 (b). "The rule permitting opening of default is remedial in nature and should be liberally applied [cit.], for default judgment is a drastic sanction that should be invoked only in extreme situations. [Cits.] Whenever possible cases should be decided on their merits for default judgment is not favored in law. [Cits.]" *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1c) (334 SE2d 703) (1985). In this case the trial court determined, among other things, that this was a proper case for opening default. Assuming arguendo that appellee was in default and that appellant had not waived her right to seek a default judgment, we conclude that the trial court did not abuse its discretion in determining that this was a proper case for opening default. See *Donalson v. Coca-Cola Co.*, 164 Ga. App. 712 (1) (298 SE2d 25) (1982).

2. Appellant next contends the trial court erred in granting summary judgment to appellee on her fraud, misrepresentation, and De-

ceptive Trade Practices Act claims because genuine issues of material fact remained and her motion to compel discovery was pending. Appellant's basic theory is that appellee's use of the word "mutual" in its name and advertising, its charge of a membership fee, and its statement in promotional materials that appellee will pass along to policyholders any savings resulting from efficient operations all give the false impression that company proceeds in excess of those needed for operations and a reasonable reserve will be distributed to policyholders as dividends, in the form of a credit against their next premium. Moreover, appellant asserts, if she is allowed to discover additional promotional materials, she may be able to present additional misleading representations along these lines.

However, the "Mutual Conditions" sections of appellant's policies with appellee clearly stated that the policyholder "is entitled . . . to receive dividends *the Board of Directors in its discretion may declare*" and/or "to share in the earnings and savings of the company *in accordance with the dividends declared by the Board of Directors.*" Whether the cause of action is fraud or misrepresentation, " ' "[m]isrepresentations are not actionable unless the complaining party was justified in relying thereon in the exercise of common prudence and diligence." ' " *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 793 (2b) (359 SE2d 920) (1987). In light of the clear statements in appellant's policies that she was entitled to share in company earnings and savings only if and to the extent dividends were declared by the Board in its discretion, any reliance on impressions to the contrary she may have received from appellee's name, the membership fee, or promises in appellee's promotional materials was not justified as a matter of law. Moreover, the same clear statements[1] preclude injunctive relief and recovery of costs under the Uniform Deceptive Trade Practices Act, OCGA §§ 10-1-372 and 10-1-373, for a name or promotion violates that Act only if it is misleading or confusing to those "using reasonable care." *Giant Mart Corp. v. Giant Discount Foods*, 247 Ga. 775, 777 (279 SE2d 683) (1981). Contrary to appellant's contention, the term "mutual" does not necessarily mean that income in excess of operating costs and a reasonable reserve is rebated to the policyholders in the form of dividends every year. See, e.g., OCGA § 33-14-2 (1) ("mutual insurer" is any incorporated insurer without shareholders which is owned and governed instead by its policyholders). In light of an explicit provision to the contrary, an actual or potential policyholder using reasonable care would not be misled or confused by the assumption that "mu-

---

[1] Civil damages are never available under this Act. *Lauria v. Ford Motor Co.*, 169 Ga. App. 203 (3) (312 SE2d 190) (1983).

tual" has the meaning appellant desires.

Accordingly, no genuine issue of material fact remained as to appellant's fraud, misrepresentation, and Deceptive Trade Practices Act claims. Moreover, no additional materials appellant might discover could negate the lack of justifiable reliance and reasonable care that stand as barriers to her recovery. Thus, summary judgment was properly granted despite the pending motion to compel.

3. Appellant also asserts that the trial court erred in granting appellee's motion to dismiss her breach of contract and conversion claims. "A motion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiff, plaintiff can establish no set of facts that would entitle it to relief against the defendant." *Wehunt v. ITT Business &c. Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d 383) (1987). The validity of appellant's breach of contract and conversion claims depends on the validity of her assertion that she had a contractual right to her pro rata share of the company's income in excess of its needs. Yet the possibility of such a contractual right was negated by each of the Mutual Conditions provisions quoted in Division 2, supra. The first of those provisions, which entitled appellant to dividends the Board in its discretion declared, was attached as an exhibit to appellant's complaint, and was thus part of the pleadings. See *H & R Block v. Asher*, 231 Ga. 780 (204 SE2d 99) (1974). Accordingly, it was not possible for appellant to prove facts consistent with her pleadings which would support her breach of contract and conversion claims, and the trial court did not err in granting appellee's motion to dismiss those claims.

*Judgment affirmed. Andrews and Blackburn, JJ., concur in judgment only. McMurray, P. J., disqualified.*

DECIDED MARCH 11, 1993.

*Falanga, Barrow & Chalker, Robert A. Falanga, Jesse E. Barrow III*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Dean S. Daskal, C. Scott Greene, Elmer A. Simpson, Jr., Richard C. Mitchell, Michael S. French, King & Spalding, Eugene G. Partain*, for appellee.