FUN 'N SUN RV, INC v STATE OF MICHIGAN

Docket No. 188909. Submitted April 15, 1997, at Grand Rapids. Decided
May 16, 1997, at 9:25 A.M. Leave to appeal sought.

Fun 'N Sun R.V., Inc., and John Chamberlain Corporation, for them-
selves and on behalf of other policyholders of the Accident Fund of
Michigan, brought an action in the Court of Claims against the
State of Michigan and the Accident Fund director, alleging that the
policyholders were the owners of any surplus accumulated by the
Accident Fund in excess of the amount needed to cover liabilities,
that the holders of policies in 1988 and 1989 were entitled to a one-
time distribution of the excess surplus that had been placed in an
escrow account pursuant to the provisions of 1990 PA 157, § 712,
former MCL 418.712; MSA 17.237(712), and that the policyholders
were entitled to the distribution of any surplus or profit from any
sale of the Accident Fund by the state. While the suit was pending
in the Court of Claims, the Legislature enacted 1993 PA 198, which
authorized the state to sell the Accident Fund and retain the pro-
ceeds of that sale and which also repealed § 712, which had cre-
ated the excess surplus escrow account. Thereafter, the court,
Thomas L. Brown, J., denied the defendants' motion for summary
disposition, holding that the plaintiffs had a vested right in the
assets, moneys, and surpluses of the Accident Fund. The Governor,
by executive message, requested that the Supreme Court resolve
the question raised in this action whether that portion of 1993 PA
198, MCL 418.701a; MSA 17.237(701a) that makes the consideration
of the sale of the fund the property of the state is constitutional
and in conformance with the law. The Supreme Court granted the
Governor's request, 446 Mich 1201 (1994), and the Court of Claims
thereafter certified the question to the Supreme Court pursuant to
MCR 7.305(A). The Supreme Court held that the policyholders had
no vested property interest in the assets of the Accident Fund and
that the legislative declaration that the consideration for the sale of
the Accident Fund was the property of the state was not constitu-
tionally infirm. In re Certified Question, 447 Mich 765 (1994).
Thereafter, the Court of Claims granted summary disposition for
the defendants, finding that the Supreme Court had answered the
claims in the first and third counts of the plaintiffs' complaint and
that, because there had been no unconditional promise by the state

to pay the moneys in the excess surplus escrow account to policy-holders, the plaintiffs had no vested right to the funds that had been in that account and summary disposition for the defendants with respect to the plaintiffs' second count was also appropriate. The plaintiffs appealed.

The Court of Appeals *held*:

Neither the "neither more nor less than self-supporting" language of MCL 418.711; MSA 17.237(711) before its repeal by 1990 PA 17 nor the language creating the excess surplus escrow account of § 712 before its repeal by 1993 PA 198 indicates a legislative intent to contractually bind the state to pay the Accident Funds' surplus to the policyholders. Accordingly, the plaintiffs had no vested rights in the funds held in escrow, and whatever expectations of payment they may have had pursuant to § 712 were eliminated by that section's repeal in 1994 pursuant to 1993 PA 198 upon the sale of the Accident Fund. The Court of Claims' granting of summary disposition for the defendants was proper.

Affirmed.

*Law, Weathers & Richardson, P.C.* (by *Douglas W. Van Essen* and *Ellen S. Carmody*), for the plaintiffs.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *George H. Weller*, Assistant Attorney General, for the defendants.

Before: GRIFFIN, P.J., and DOCTOROFF and MARKMAN, JJ.

GRIFFIN, P.J. In 1993, plaintiffs initiated this lawsuit in the Court of Claims, claiming, inter alia, that as pre-1990 policyholders in the state's Accident Fund, they and other similarly situated policyholders had a right to receive the surplus moneys the fund had allegedly accumulated. In *In re Certified Question*, 447 Mich 765; 527 NW2d 468 (1994), our Supreme Court rejected plaintiffs' claim that the Accident Fund surplus was held in trust for plaintiffs and other similarly situated Accident Fund policyholders and upheld the constitutionality of 1993 PA 198, which declares

the consideration for the Accident Fund's sale to be state property. Following the Supreme Court's opinion in *In re Certified Question*, the Court of Claims granted summary disposition for defendants with respect to plaintiffs' claim that MCL 418.712; MSA 17.237(712), which was repealed by 1993 PA 198, § 2, gave plaintiffs and similarly situated policyholders a "vested" interest in the statutory escrow account derived from the June 30, 1990, "excess surplus" of the Accident Fund. Plaintiffs appeal as of right. We affirm.

I

In 1912, the Legislature created the Accident Fund to provide for worker's compensation and employer's liability insurance. MCL 418.701 *et seq.*; MSA 17.237(701) *et seq.* Originally, the Accident Fund could be "neither more nor less than self-supporting" in its operation. MCL 418.711; MSA 17.237(711), now repealed. However, in 1990, the Legislature enacted 1990 PA 157, in which it repealed the "break-even" provision in § 711 and replaced it with § 711a, MCL 418.711a; MSA 17.237(711a), which mandated that premiums remain as low as possible. In 1990 PA 157, the Legislature also added § 712, which provided for a one-time determination and distribution of "excess surplus" Accident Fund assets to holders of policies during the period between 1986 and 1989. By its terms, § 712(1) required that the insurance commissioner determine the amount of surplus required of the Accident Fund and that any surplus exceeding[1]

---

[1] The proper determination of the amount of such "excess surplus" was disputed below. However, the correct figure is irrelevant to this appeal.

the required amount be placed into a temporary escrow account for later distribution.

Thereafter, in 1993 PA 198, § 1, the Legislature added § 701a, which, in subsection 1, authorized the outright sale of the Accident Fund to private interests, MCL 418.701a(1); MSA 17.237(701a)(1), and, in subsection 2, provided that the state would retain the proceeds of such sale, MCL 418.701a(2); MSA 17.237(701a)(2). 1993 PA 198, § 2, provided that most of the other provisions of law related to the Accident Fund, *including § 712*, would be repealed as of the close of that sale. The actual sale of the Accident Fund was consummated in December 1994, and § 712 was thereby repealed as of that date. 1993 PA 198, § 2. Plaintiffs never received a dividend from the escrow account.

II

Plaintiffs claim a "vested" right in the "excess surplus," if any, placed in escrow pursuant to § 712, arguing that the "neither more nor less than self-supporting" provision of § 711 evidenced the state's "promise" to pay policyholders any surplus.[2] However, plaintiffs did not raise this specific argument in the trial court and, instead, based their statutory promise claim solely on the operation of § 712.[3] Accordingly, to the extent plaintiffs now contend that

---

[2] Plaintiffs also appeal the order granting summary disposition of counts I and III of their complaint. However, these issues were directly addressed in the Supreme Court's majority opinion in *In re Certified Question, supra.* We are bound by the Supreme Court's holding, MCR 7.305(A)(4), and therefore affirm the Court of Claims' opinion granting summary disposition of counts I and III of plaintiff's complaint.

[3] To the extent plaintiffs raise this argument on appeal, we reject the claim for the reasons stated in the Court of Claims' opinion.

they acquired a vested right in the escrow funds by operation of § 711, their argument is unpreserved. *Royce v Citizens Ins Co*, 219 Mich App 537, 545; 557 NW2d 144 (1996). In any case, we hold that, in enacting § 711, the Legislature did not intend to contractually bind the state to pay the Accident Fund's surplus to the fund's policyholders.

Although the Supreme Court did not specifically rule with respect to this issue in *In re Certified Question, supra,* its rationale applies to and supports the lower court's conclusion that plaintiffs had no vested right in any Accident Fund surplus existing in 1990. In *In re Certified Question, supra* at 777-778, our Supreme Court gave the following summarization of the law regarding when a statute binds the state contractually:

> "Courts usually have concluded that a state contractual obligation arises from legislation only if the legislature has *unambiguously expressed an intention to create the obligation.*" In order to prove that a statutory provision has formed the basis of a contract, *the language employed in the statute must be "plain and susceptible of no other reasonable construction" than that the Legislature intended to be bound to a contract.* As a general rule, *vested rights are not created* by a statute that is later revoked or modified by the Legislature *if "the Legislature did not covenant not to amend the legislation."* Yet, a statute can create a contract if the language and circumstances demonstrate a clear expression of legislative intent to create private rights of a contractual nature enforceable against the state. [Citations omitted; emphasis added.]

Applying these principles to the present case, we hold that the state is not contractually bound to pay the funds that had been placed in the excess surplus escrow account to Accident Fund policyholders. *In re*

*Certified Question, supra.* There is no express contract regarding this point between plaintiffs and the state. Nor do we find that § 711 unambiguously expresses an intention or promise to distribute Accident Fund excess surpluses to its policyholders. Instead, the break-even language in § 711 is reasonably construed as the attempt to decrease premiums by preventing the Accident Fund from profiting or taking more than it needs. The statute does not address what happens in case of an excess surplus, let alone give its policyholders dividend rights in any such excess surplus. Therefore, we view § 711 as expressing a legislative policy of mitigating premiums, not an intent to contractually bind the state to disperse excess surpluses by paying dividends to Accident Fund policyholders. Accordingly, § 711 does not support plaintiffs' interpretation that the Legislature intended to contractually bind the state to give policyholders a share in any excess surplus held by the Accident Fund. Furthermore, the Legislature never covenanted not to amend § 711. Thus, even if § 711 could be interpreted as giving policyholders a right to any excess surplus, nothing precluded the Legislature from extinguishing that right by repealing the statute. *In re Certified Question, supra.*[4]

---

[4] We also note that plaintiffs cite out of context a section of the Supreme Court's opinion in *In re Certified Question, supra* at 782, by which plaintiffs claim that the Court actually and explicitly *recognized* their claim of a vested right in the funds escrowed pursuant to § 712. In fact, the context of the statement in question clearly indicates that the Court intended no such thing. Rather, the Court only intended to emphasize the *one-time* effect of § 712 so as to refute plaintiffs' claim of a vested right in the proceeds from the sale of the Accident Fund; the statement was clearly not a recognition of plaintiffs' claim of a vested right in the § 712 excess surplus escrow account.

Because plaintiffs had no vested right in the escrowed funds, whatever expectation of payment they had pursuant to § 712 was eliminated by the 1994 repeal of that provision. See 1993 PA 198, § 2. Accordingly, the lower court properly granted summary disposition for defendants. *Taylor v Lenawee Co Bd of Co Rd Comm'rs*, 216 Mich App 435, 437; 549 NW2d 80 (1996).

Given our resolution of this issue, plaintiffs' remaining issues on appeal, which are premised on the assumption that this Court would find that plaintiffs had a vested right, are without merit.

Affirmed.