CHURELLA v PIONEER STATE MUTUAL INSURANCE COMPANY

Docket No. 238695. Submitted August 6, 2003, at Detroit. Decided August
     28, 2003, at 9:00 A.M. Leave to appeal sought.

     Mark Churella and other policyholders of Pioneer State Mutual Insur-
        ance Company, brought suit against the company and its board of
        directors in the Wayne Circuit Court, Michael J. Callahan, J., seek-
        ing to compel the company to distribute its excess surplus. The
        Attorney General and the Commissioner of the Office of Financial
        and Insurance Services intervened as party defendants. The plain-
        tiffs alleged that, as policyholders, they had standing as owners of
        the company to compel Pioneer to distribute its excess surplus,
        that the board of directors breached fiduciary duties owed to the
        plaintiffs by failing to consider whether to distribute the surplus,
        and that the business judgment rule did not bar the plaintiffs'
        claim. The Pioneer defendants moved to dismiss the claim, arguing
        that the plaintiffs had no recognizable claim under state law and
        that the directors' actions were protected by the business judgment
        rule. Alternatively, they argued that the trial court lacked subject-
        matter jurisdiction over the claim. The state defendants moved to
        dismiss, arguing that no case law existed in support of the plain-
        tiffs' claim and that policyholders do not have the same rights as
        shareholders to compel distribution of profits. The court granted
        summary disposition on the basis that it lacked subject-matter
        jurisdiction over the plaintiffs' claim, and awarded the Pioneer
        defendants costs and attorney fees. The plaintiffs appealed. On
        appeal, the Court of Appeals, GRIBBS, P.J., and O'CONNELL and R.B.
        BURNS, JJ., affirmed the trial court, with the exception of the award
        of costs and fees. *Churella v Pioneer State Mutual Insurance Co*,
        unpublished opinion per curiam of the Court of Appeals, issued
        November 12, 1999 (Docket Nos. 204840, 209998). The Supreme
        Court, in lieu of granting the plaintiffs leave to appeal, reversed the
        Court of Appeals and remanded the case to that Court. 463 Mich
        993 (2001). The Court of Appeals remanded the case to the trial
        court to rule on the substantive issues. On remand, the trial court
        again granted summary disposition in favor of the defendants, con-
        cluding that the plaintiffs had received what they bargained for
        under their insurance contracts—insurance coverage—and that

they had no cause of action beyond that bargain or contract. The plaintiffs appealed.

The Court of Appeals *held*:

Policyholders of a mutual insurance company do not have a right to compel distribution of excess surplus where, as here, no statute, company bylaw, or contract provision accords them that right. Even if the plaintiffs had a legal basis on which to maintain their suit, they failed to plead facts sufficient to overcome the business judgment rule. The plaintiffs alleged that the defendant directors breached their fiduciary duties by failing to consider whether to distribute the surplus, but failed to explain how this failure to distribute, without more, constituted fraud or bad faith such that the business judgment rule should not apply to protect the defendants from suit.

Affirmed.

BANDSTRA, J., concurring, stated that he agrees that the trial court decision should be affirmed, but notes that it was unnecessary to decide the issue whether the defendants violated the business judgment rule because of the majority's conclusion that the plaintiffs' have no right to compel distribution.

INSURANCE — MUTUAL INSURANCE COMPANIES — POLICYHOLDERS — EXCESS SURPLUS

Policyholders of a mutual insurance company do not have a right to compel distribution of excess surplus absent a statute, company bylaw, or contract provision according them that right.

*Jaffe Raitt Heuer & Weiss, P.C.* (by *Joseph J. Shannon* and *Melanie LaFave*), for the plaintiffs.

*Kaufman & Payton* (by *Alan Jay Kaufman* and *Donald L. Payton*) for the Pioneer State Mutual Insurance Company and its directors.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *William A. Chenoweth*, Assistant Attorney General, for the Attorney General and the Commissioner of the Office of Financial and Insurance Services.

Amicus Curiae:

*Dykema Gossett, PLLC* (by *Lori M. Silsbury*), for the National Association of Mutual Insurance Companies.

Before: DONOFRIO, P.J., and BANDSTRA and O'CONNELL, JJ.

O'CONNELL, J. Plaintiffs Mark Churella, Susan Radtke, and Peter Treboldi appeal as of right the trial court's order dismissing their suit pursuant to MCR 2.116(C)(8) for failure to state a claim on which relief may be granted. This case arose when plaintiffs brought suit to compel defendant Pioneer State Mutual Insurance Company and its directors, defendants Dan Czmer, Jack D'Arcy, Harlan Gingrich, Robert West, Carleton Wilson, Dale Little, Milton Timmerman, and Gordon Gingrich, to distribute the company's excess surplus. Plaintiffs claimed a right to sue as policyholders and therefore owners of Pioneer. Plaintiffs claimed that the directors violated the business judgment rule by failing to consider whether to distribute the excess surplus.[1] We affirm.

---

[1] The Attorney General and the Commissioner of the Office of Financial and Insurance Services (the Insurance Commissioner) moved to intervene as defendants, and moved for dismissal pursuant to MCR 2.116(C)(8) and (C)(4), alleging that the trial court lacked subject-matter jurisdiction and that plaintiffs failed to state a claim on which relief could be granted. The National Association of Mutual Insurance Companies (NAMIC) also moved to intervene as a defendant and filed a brief supporting dismissal, but was granted leave to file amicus briefs in lieu of being granted leave to intervene as a defendant. Nonparty defendant Lori Smith, an employee of nonparty defendant MgNish Dennehy Agency, Inc., originally approached Pioneer at an agent's meeting with information regarding plaintiffs' lawsuit, and she and her company were listed as potential witnesses for Pioneer.

I

Plaintiffs filed an action seeking certification as a class action, alleging that as current and past policyholders, they had standing as owners of the company to compel Pioneer to distribute its excess surplus. They claimed that the company was holding millions of surplus in excess of its reserve requirements and that it was obligated to distribute that surplus. Furthermore, they claimed that the directors breached fiduciary duties owed to the policyholder-owners by failing to distribute the surplus, and thus were not protected by the business judgment rule.

In their answer, Pioneer and its directors sought a judgment of no cause of action, claiming that plaintiffs had no recognizable claim under Michigan law and that the directors' actions were in the best interests of the policyholders and, therefore, protected by the business judgment rule. They also moved to dismiss for lack of subject-matter jurisdiction pursuant to MCR 2.116(C)(4).

The Attorney General and the Insurance Commissioner argued that while Michigan had no case law on point, court decisions in other states had denied similar plaintiffs the right to compel distribution when there was no dissipation of a surplus. They claimed that policyholders are different from shareholders because policyholders contract to have their insurance claims paid, while shareholders buy shares for investment purposes. While the Attorney General and the Insurance Commissioner admitted that plaintiffs had a beneficial interest in the surplus, they argued that plaintiffs had no right to compel distribution because plaintiffs did not allege that they were prom-

ised a share of the surplus, or that they had con-
tracted for a share.

Plaintiffs, on the other hand, argued that policy-
holders have the same rights as shareholders, and
that the board of directors was not protected by the
business judgment rule because it had failed to act.
The trial court decided to adjourn the hearing regard-
ing the motions to dismiss because it found two cases
cited by defendants difficult to distinguish, and
wanted to give plaintiffs time to respond. The trial
court indicated that it was troubled by the notion of
ownership because plaintiffs conceded that their
ownership rights could not be transferred.

Following a second hearing, the trial court granted
summary disposition because it determined it did not
have subject-matter jurisdiction over plaintiffs' claim.
The court further concluded that plaintiffs presented
no deposition or affidavit indicating that the directors
behaved in an improper fashion, but even if the direc-
tors had behaved improperly, it would be the Insur-
ance Commissioner's job to sanction their behavior.
The trial court subsequently dismissed the case and
ordered plaintiffs to pay Pioneer's costs and attorney
fees.

Plaintiffs appealed, and this Court affirmed the trial
court's ruling regarding subject-matter jurisdiction,
but reversed its imposition of costs and fees. *Churella
v Pioneer State Mut Ins Co*, unpublished opinion per
curiam of the Michigan Court of Appeals, decided
November 12, 1999 (Docket Nos. 204840, 209998). Our
Supreme Court reversed and remanded to this Court
because it determined that MCL 500.403, 500.410, and
500.810 of the Insurance Code did not clearly give the
Insurance Commissioner exclusive jurisdiction over

plaintiffs' claim. 463 Mich 993 (2001). This Court then remanded to the trial court to rule on the substantive issues.

The Attorney General and the Insurance Commissioner again moved for summary disposition pursuant to MCR 2.116(C)(4) and (C)(8). Pioneer also moved for summary disposition pursuant to MCR 2.116(C)(8). The trial court noted that it had already ruled substantively against plaintiffs, and that plaintiffs had received what they bargained for, i.e., insurance coverage, and that they had no cause of action beyond that for which they bargained.[2] The trial court again granted defendants summary disposition, reiterating the language of its previous order granting summary disposition for failure to state a claim.[3] This appeal followed.

---

[2] Plaintiffs assert that the trial court considered issues beyond the pleadings and, thus, its order granting summary disposition was decided under MCR 2.116(C)(10), rather than MCR 2.116(C)(8). Because neither defendants' motion nor their supporting briefs included extraneous evidence, see *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999), we conclude that the court properly considered the motions under MCR 2.116(C)(8).

[3] Once a court concludes that it lacks subject-matter jurisdiction, any further action it takes is void. *Altman v Nelson*, 197 Mich App 467, 472-473; 495 NW2d 826 (1992); see also *Burke v Michigan Catastrophic Claims Ass'n*, unpublished opinion per curiam of the Court of Appeals, decided April 15, 2003 (Docket No. 227123) (circuit court had no jurisdiction over policyholders' suit for breach of fiduciary duty and contract concerning extent of distributed surplus). There may be a question whether the trial court could rely on its findings in the previous order after it determined it lacked jurisdiction. However, the parties do not raise this issue on appeal. Our Supreme Court determined that the trial court did have subject-matter jurisdiction, and the trial court adopted its original findings after it was found to have subject-matter jurisdiction. Therefore, we conclude that the court could validly rely on its previous findings.

II

The issue on appeal is whether policyholders have a right to compel distribution of a surplus and whether the business judgment rule shields directors when they do not make the distribution.

We hold that policyholders do not have a right to compel distribution of a surplus where there is no statute, company bylaw, or contract provision according them that right, and where they did not sufficiently plead facts to overcome the business judgment rule.

This Court reviews de novo a trial court's grant of summary disposition for failure to state a claim. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). When reviewing a trial court's grant of summary disposition for failure to state a claim on which relief can be granted, an appellate court assumes that all factual allegations in the nonmoving party's pleadings are true, *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), and determines whether there is a legally sufficient basis for the claim. *Beaudrie, supra* at 129. In the instant case, plaintiffs' factual allegations are that they are policyholders and that the board of directors has not distributed the company's excess surplus.[4]

---

[4] Defendants submitted with their brief on appeal meeting minutes indicating that the board of directors considered whether to distribute excess surplus on November 1, 2001, and decided not to distribute it. However, plaintiffs point out that these minutes were not presented to the trial court, and there is no indication in the record that the trial court considered them. Because this Court "is limited to the record established by the trial court," *Reeves v Kmart Corp*, 229 Mich App 466, 481 n 7; 582 NW2d 841 (1998), we will not consider the meeting minutes in our decision.

For this Court to conclude that plaintiffs' claim is legally sufficient, we must decide (1) that plaintiffs as policyholders, are owners of Pioneer, (2) that policyholders have the same rights as shareholders with respect to compelling distribution of excess surplus, (3) that shareholders have the right to compel distribution, and (4) that plaintiffs are not precluded by the business judgment rule from bringing suit. It appears clear that policyholders are owners of mutual insurance companies. Because of their ownership interest, policyholders of mutual insurance companies are both insureds and insurers. *Comm'r of Ins v Arcilio*, 221 Mich App 54, 66; 561 NW2d 412 (1997). Moreover, defendants concede that plaintiffs have some form of ownership interest.

However, whether a policyholder has the same rights as a shareholder is not as clear. Plaintiffs cited several cases that analogized policyholder suits to shareholder suits. *Pincus v Mut Assurance Co*, 4 Pa D & C3d 71, 73 (1976), aff'd 251 Pa Super 626 (1977) (a suit challenging a mutual company's dividend policy is governed by the same legal principles applicable to stock companies); *Barnes v State Farm Mut Auto Ins Co*, 16 Cal App 4th 365, 375; 20 Cal Rptr 2d 87 (1993) (a policyholder has the same legal rights a shareholder has). These cases clearly analyzed suits to compel distribution by policyholders according to the same principles used to analyze shareholder suits to compel dividends.

On the other hand, defendants assert that the relationship between a policyholder and a mutual insurance company is that of creditor and debtor, and that the policyholder's rights are determined by statute, company bylaws, or contract. *Prudential Ins Co of*

*America v Miller Brewing Co*, 789 F2d 1269, 1275
(CA 7, 1986) (an insurance policy is interpreted like a
contract); *Pink v Town Taxi Co*, 138 Me 44, 51; 21
A2d 656 (1941), citing *Greenlaw v Aroostook Co
Patrons Mut Fire Ins Co*, 117 Me 514; 105 A 116
(1918) (a member of a mutual insurance company has
the right to share profits and the duty to share losses
according to state law, the company's bylaws, and
contract); *Boynton v State Farm Mut Automobile Ins
Co*, 207 Ga App 756, 757; 429 SE2d 304 (1993) (a
member has no contractual right to proceeds where
the contract provides that distribution is within the
company's discretion); *Barnes, supra* at 375 (statute
provides that members of a mutual insurance com-
pany have the same rights as shareholders of stock
corporations). Yet, these cases are only persuasive
authority because they involve decisions from other
states and a federal circuit court. See *Farm Bureau
Mut Ins Co v Buckallew*, 246 Mich App 607, 613-614 n
6; 633 NW2d 473 (2001); *Sharp v City of Lansing*, 464
Mich 792, 802-803; 629 NW2d 873 (2001).

Indeed, none of the parties cited any binding Michi-
gan authority on this issue, and the trial court indi-
cated that it believed the issue was one of first
impression. Nevertheless, while Michigan courts have
not squarely dealt with this question, previous deci-
sions involving similar issues are helpful. In a suit by
a policyholder to enjoin reinsurance designed to
allow a mutual insurance company to continue busi-
ness, our Supreme Court indicated that a policy-
holder's rights depended on the terms of the policy.
*Glover v Diggs*, 368 Mich 430, 432; 118 NW2d 278
(1962). Because plaintiffs in the instant case did not
allege that the terms of their policies gave them the

right to compel distribution, it initially appears that their claim fails.

Furthermore, this Court previously determined that the Insurance Code, MCL 500.100 *et seq.*, did not incorporate by reference the appraisal rights given to shareholders by the general corporation act, MCL 450.98 *et seq. Wiltsie v Standard Accident Ins Co*, 1 Mich App 212, 216; 135 NW2d 592 (1965). This Court further stated that the Legislature did not intend to supplement omitted provisions from the Insurance Code, with provisions of the general corporation act. *Wiltsie, supra* at 214-215. Because we are unable to find a provision in the Insurance Code affording policyholders the right to compel distribution, it appears that plaintiffs have no basis on which to maintain their suit. While *Wiltsie, supra*, was decided before November 1, 1990, and therefore is not binding precedent, MCR 7.215(J)(1), *Wiltsie* is supported by MCL 450.1123(2), which provides that Michigan's Business Corporation Act, MCL 450.1101 *et seq.*, does not apply to insurance companies.

On the other hand, the Court in *Glover, supra* at 434, also stated, "If a suit of this nature, brought by the holder of a policy issued by an insurance company, may be regarded analogous to an action by a stockholder of a corporation when duly authorized under the law of the State, like rules of procedure must be observed." This statement appears to consider the concept that a policyholder's suit should be treated like a shareholder's suit. In addition, the Supreme Court stated that mutual insurance company policyholders "would be in a better position to assert a property interest in the surplus . . . ." *In re Certified Question (Fun 'N Sun RV, Inc v Michigan)*, 447 Mich

765, 791 n 34; 527 NW2d 468 (1994), after remand 223 Mich App 542; 567 NW2d 460 (1997). However, this statement was not essential to the determination of that case and, thus, is not binding precedent. *Faith Reformed Church of Traverse City, Michigan v Thompson*, 248 Mich App 487, 496; 639 NW2d 831 (2001).

We note that the arguments propounded by plaintiffs and defendants may be harmonized; where a policyholder of a mutual insurance company has the right to bring suit to compel distribution of surplus, the action must be treated as a shareholder's suit to compel a dividend; however, the policyholder must derive the right to compel distribution from either statute, the company's bylaws, or the policy itself. This analysis is consistent with *Glover, supra* at 432, 434. An extension of *Glover* in this fashion results in a holding that plaintiffs have no legal ground to support their claim.

Even if we did determine that plaintiffs have a legal basis on which to maintain their suit, they must next overcome the business judgment rule:

> "It is a well-recognized principle of law that the directors of a corporation, and they alone, have the power to declare a dividend of the earnings of the corporation, and to determine its amount. Courts of equity will not interfere in the management of the directors unless it is clearly made to appear that they are guilty of fraud or misappropriation of the corporate funds, or refuse to declare a dividend when the corporation has a surplus of net profits which it can, without detriment to its business, divide among its stockholders, and when a refusal to do so would amount to such an abuse of discretion as would constitute a fraud, or breach of that good faith which they are bound to exercise towards the stockholders." [*In re Butterfield Estate*, 418

Mich 241, 254-255; 341 NW2d 453 (1983), quoting *Hunter v Roberts, Throp & Co*, 83 Mich 63, 71; 47 NW 131 (1890) (citation omitted).]

Plaintiffs in the instant case claim that the directors are not protected by the business judgment rule because they failed to exercise their discretion when they failed to consider whether to distribute the excess surplus. They alleged in their complaint that Pioneer and its directors violated their fiduciary responsibilities to the policyholders by not distributing the surplus. However, plaintiffs did not explain how the failure to distribute the surplus amounted to fraud or bad faith. They cite several cases to support their claim that failure to declare a dividend is an abuse of business discretion. However, we find none of the cited cases dispositive.

In *Miller v Magline, Inc*, 76 Mich App 284; 256 NW2d 761 (1977), this Court noted that the dividend policy was one of the major purposes of a for-profit corporation, *id.*, at 304-305, while in the instant case, the major purpose of a mutual insurance company is to provide insurance coverage to its policyholders. In addition, this Court quoted with approval the chancellor's finding that the directors could not claim that the company was unable to afford a dividend when they had paid themselves significant bonuses. *Id.* at 309. Plaintiffs have not made similar allegations in the instant case.

In *Marvin v Solventol Chemical Products, Inc*, 298 Mich 296; 298 NW 782 (1941), a board of directors signed an agreement giving another party complete control over the company's finances. *Id.* at 298. Our Supreme Court determined that the directors could not contract away their duty to exercise independent

judgment. *Id.* at 301-302. In the instant case, plaintiffs did not allege that the directors had, by contract, abdicated their managerial responsibilities.

While *Dodge v Ford Motor Co*, 204 Mich 459, 508-509; 170 NW 668 (1919), appears to support plaintiffs' position that a failure to distribute excess profits, without more, is an abuse of discretion, our Supreme Court also noted that the purpose of a business corporation is to provide profit to its shareholders. *Id.* However, this is not the purpose of a mutual insurance company. The purpose of a mutual insurance company is to provide affordable insurance coverage to its members. *Kamm & Schellinger Brewing Co v St Joseph Co Village Fire Ins Co*, 168 Mich 606, 618; 134 NW 999 (1912).

Therefore, because plaintiffs did not explain how the directors' failure to consider a distribution constituted fraud or bad faith dealings, and because plaintiffs have not cited any cases indicating that a failure to declare a dividend, without more, constitutes an abuse of business discretion, we conclude that plaintiffs have not sufficiently pleaded facts that would overcome the business judgment rule. Conclusory statements, unsupported by factual allegations, are insufficient to state a cause of action. *ETT Ambulance Service Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994).

In sum, we hold that policyholders have no right to compel distribution where there is no statute, company bylaw, or contract provision according them that right, and where they did not sufficiently plead facts to overcome the business judgment rule.

Affirmed.

DONOFRIO, P.J., concurred.

BANDSTRA, J. (*concurring*). I concur with the majority that we should affirm in this case. However, the decision that the policyholders have no right to compel distribution of a surplus makes it unnecessary to consider whether the directors violated the business judgment rule in failing to make that distribution. I would not reach that second question and note that, by doing so, the majority opinion might be misread as indicating that policyholders such as those involved here would have a right to compel a distribution if they could allege and prove that the business judgment rule was violated. I do not read the majority opinion to have that import and write separately to point that out.

Further, I note that our decision that the policyholders have no right to compel a distribution should not be viewed as unduly harsh. They are not without a remedy. If a majority of policyholders thinks that a distribution should be made, they can elect new board members who share that view.