Cite as 2025 Ark. 86

# SUPREME COURT OF ARKANSAS
**No.** CV-22-790

| | |
|---|---|
| LISA CRAIN; CATHEE CRAIN; MARILLYN CRAIN BRODY; AND KRISTAN CRAIN SNELL, DERIVATIVELY ON BEHALF OF REGIONAL JET CENTER, INC. <br><br> APPELLANTS <br><br><br> V. <br><br> SHIRLEY CRAIN AND REGIONAL JET CENTER, INC. <br><br> APPELLEES | **Opinion Delivered:** May 22, 2025 <br><br> <u>DISSENTING OPINION FROM DENIAL OF PETITION FOR REVIEW</u>. |

**NICHOLAS J. BRONNI, Associate Justice**

Business decisions should be made in boardrooms—not courtrooms. That's the point of the business judgment rule. The decision below violates that principle and, in the process, renders businesses across Arkansas vulnerable to an entirely new class of shareholder-derivative suits. I'd grant the petition for review; vacate that decision; and affirm the circuit court's order.

Start with the basics. The business judgment rule "protect[s] directors from liability for their decisions" and prevents courts from "interfer[ing] with or second[] guess[ing] their decisions." *Hall v. Staha*, 303 Ark. 673, 678, 800 S.W.2d 396, 399 (1990) (quoting *Gries Sports v. Cleveland Browns Football*, 496 N.E.2d 959, 963 (Ohio 1986)). Under that rule, "[a] board of directors enjoys a presumption of sound business judgment, and its decisions

will not be disturbed if they can be attributed to any rational business purpose." *Sinclair Oil Corp. v. Levien*, 280 A.2d 717, 720 (Del. 1971). That makes sense because, as we explained in adopting the business judgment rule in Arkansas, "directors are better equipped than the courts to make business judgments." *Hall*, 303 Ark. 673, 678, 800 S.W.2d 396, 399 (quoting *Gries Sports*, 496 N.E.2d at 963 (Ohio 1986)).

That presumption normally applies when directors decide not to distribute corporate funds. *See Gibbons v. Mahon*, 136 U.S. 549, 558 (1890) (distributions are "to be determined by the directors" and, absent bad faith, their discretion "cannot be controlled by the courts"); *Gabelli & Co. v. Liggett Grp. Inc.*, 479 A.2d 276, 280 (Del. 1984) ("the declaration and payment of a dividend rests in the discretion of the corporation's board of directors in the exercise of its business judgment"); *Right or duty to pay dividend; and liability for wrongful payment*, 109 A.L.R. 1381 (1937). So it's no surprise that cases involving noncontractual claims to compel corporate distributions have applied the business judgment rule and denied those claims. *See Hill v. State Farm Mut. Auto. Ins. Co.*, 83 Cal. Rptr. 3d 651, 662 (Cal. Ct. App. 2008); *Churella v. Pioneer State Mut. Ins. Co.*, 671 N.W.2d 125 (Mich. App. 2003); *Salley v. Salley*, 95-0387 (La. 10/16/95); 661 So. 2d 437, 441; *Gabelli*, 479 A.2d at 280; *Matter of Reading Co.*, 711 F.2d 509, 520 (3d Cir. 1983).

The circuit court followed that same approach here, and its decision should have been affirmed. The court of appeals didn't do that. Instead, it reversed and remanded for the circuit court to decide whether the sole director in this case—who had refused to distribute corporate funds recovered from a derivative suit—was disinterested. That

2

fundamentally misunderstands the business judgment rule.[1]  To be sure, the protections of the business judgment rule "can only be claimed by disinterested directors."  *Long v. Lampton*, 324 Ark. 511, 522, 922 S.W.2d 692, 699 (1996).  But as we've previously explained, a director fails that test only when they "appear on both sides of the transaction" or "expect to derive any person[al] financial benefit" from a decision "in the sense of self-dealing."  *Id*.  And the decision to withhold a distribution doesn't involve a two-sided transaction or self-dealing.  Far from it, there's no transaction at all; the funds remain with the corporation.  So it's not at all clear what the circuit court is supposed to do on remand.

Worse still, to justify that approach, the court of appeals rewrote the law of derivative suits.  Such suits are supposed to be about recovering misspent funds for the corporation, and any recovery is supposed to "accrue[] to the corporation and not to the shareholders, individually." *Hames v. Cravens*, 332 Ark. 437, 442, 966 S.W.2d 244, 247 (1998).  Yet the decision below suggests the opposite—implying that a successful derivative suit changes the interested-director calculation to such a degree that it enables shareholders to bypass the corporate form and claim company funds as their own.  That approach undermines basic corporate governance principles and is a dangerous precedent for anyone doing business in Arkansas.  Because that's not the law, I respectfully dissent.

WOOD, J., concurs.

---

[1]The fact that the concurrence felt "compelled to write" in response to the petition underscores the law isn't clear and that the petition should have been granted.