Cite as 2025 Ark. 85

# SUPREME COURT OF ARKANSAS
**No.** CV–22–790

**Opinion Delivered:** May 22, 2025

LISA CRAIN; CATHEE CRAIN; MARILLYN CRAIN BRODY; AND KRISTAN CRAIN SNELL, DERIVATIVELY ON BEHALF OF REGIONAL JET CENTER, INC.

                                    APPELLANTS

CONCURRING OPINION ON DENIAL OF PETITION FOR REVIEW.

V.

SHIRLEY CRAIN AND REGIONAL JET CENTER, INC.

                                    APPELLEES

**BARBARA W. WEBB, Justice**

Ordinarily, the decisions of the Arkansas Supreme Court concerning the denial of petitions for review do not spawn written dissents. Because of the dissent, I am compelled to write this concurring opinion. Our decisions on whether to take on review a case decided by our court of appeals require that the opinion manifests a mistake of law or fact. The court of appeals correctly held that the business-judgment rule is a doctrine of restraint not abdication.

In finding that the circuit court misapplied the business-judgment rule, our court of appeals properly relied on binding Arkansas Supreme Court precedent.

It stated:

The circuit court relied on the business-judgment rule as a basis for its ruling. The business-judgment rule flows from the thought that judges are not equipped as well as directors to make business decisions. But judges have the duty to correct wrongs, and judges have a special authority to craft remedies to overcome board omissions and to create an environment where fairness can be demonstrated. *Hall* [*v. Staha*], 314 Ark. 71, 85–86, 858 S.W.2d 672, [679 (1993)].

The Arkansas Supreme Court has stated that two elements must be satisfied in order for the business-judgment rule to be invoked. First, its protection can be claimed only by *disinterested directors* whose conduct otherwise meets the tests of business judgment. Second, to invoke the rule, directors have a duty to inform themselves of all material information reasonably available to them prior to making a business decision. Having become so informed, they must then act with requisite care in discharge of their duties. *Hall, v. Staha*, 303 Ark. 673, 800 S.W.2d 396 (1990); *Long v. Lampton*, 324 Ark. 511, 522, 922 S.W.2d 692, 699 (1996).

*Crain v. Crain*, 2025 Ark. App. 122, at 23–24, 708 S.W.3d 356, 371–72 (emphasis in original). The court of appeals soundly noted that Shirley Craine was not a disinterested director.

Regarding the Crain Sisters' motion for distribution, while I do not share the dissenting justice's penchant for relying on cases from foreign jurisdictions, it is worth noting that, more than a century ago, the Michigan Supreme Court spoke persuasively on this very issue. In *Dodge v. Ford Motor Co.*, 170 N.W. 668, 685 (Mich. 1919) the court held that a failure to distribute excess profits, without more, is an abuse of discretion and that the purpose of a business corporation is to provide profit to its shareholders.

The cases that the dissenting justice purports to rely on all conform to this basic concept. *Gibbons v. Mahon*, 136 U.S. 549, 558 (1890) (distributions are "to be determined by the directors" and, *absent bad faith*, their discretion "cannot be controlled by the courts"); *Hill v. State Farm Mut. Auto. Ins. Co.*, 83 Cal. Rptr. 3d 651, 662 (Cal. Ct. App. 2008) (the

business-judgment rule does not offer protection if the directors of a corporation knew that material decisions were being made without adequate deliberation, in a manner that suggests that they did not care whether shareholders would suffer a loss or injury); *Churella v. Pioneer State Mut. Ins. Co.*, 671 N.W.2d 125 (Mich. App. 2003) (balancing the equities that surround the business-judgment rule); *Gabelli & Co. v. Liggett Grp. Inc.*, 479 A.2d 276, 280 (Del. 1984) (affirming the application of the business-judgment rule because minority stockholders failed to demonstrate such "self-dealing" or "detriment" as to warrant application of "intrinsic fairness test"). In *Liggett*, the court recognized the inherent tension between the business-judgment rule and the companion equitable doctrine described as the intrinsic fairness test. *See* 18A Am. Jur. 2d § 647, Westlaw (database updated January 2025). The intrinsic fairness test takes into account the obligations that majority shareholders who control a corporation—in this case Shirley Crain—owe to shareholders who, because of their lack of voting clout do not control business decisions—in this case the Crain Sisters.

In short, the majority of the Arkansas Supreme Court properly denied review of this case because the court of appeals got it right.

I concur.